548

YOUNG et al. v. UNKNOWN HEIRS, etc.
LITTLETON v. YOUNG et al.—
249 S. W. (2d) 580.

Eastern Section. January 14, 1952.

Petition for Certiorari denied by Supreme Court, June 7, 1952.

R. H. Ward, of Kingston, for appellants.

J. W. Stone and James F. Qualls, both of Harriman, for appellees.

McAMIS, J.   This appeal is from the action of the Chancellor in sustaining the petition of A. F. Littleton filed after the remand of these consolidated cases on the former appeal.  34 Tenn. App. 39, 232 S. W. (2d) 614. The present appeal is by what is referred to in Judge Howard's opinion on the former appeal as the Zeh Group or Grace Zeh and Associates.

A number of the questions made by the assignments of error are concluded by the findings and adjudications made by the Chancellor and affirmed on the former appeal. These include an adjudication that the deed from appellants to C. K. Young and wife was not a quitclaim deed but purported to be a conveyance of the entire fee-simple title to property valued at $4,000.   The interest of the Zeh Group, appellants, is $\frac{3}{20}$ of the fund in the hands of the escrow agent after paying delinquent taxes.   Their right to participate in the fund on that basis in conceded but they complain that the Chancellor erred in allowing appellee A. F. Littleton the right to be subrogated to the interests of his several grantors who, except for their conveyances, would be entitled to 2710/3000 of the fund.

It is noted at the outset that Littleton's grantors are not complaining and the right of the Zeh Group to complain is extremely doubtful.   If they succeed in maintaining their position it is difficult to see how their claim

would be increased. As previously adjudged they were not selling their ⅗₀ interest for $4,000 but attempting to sell what they owned along with what they did not own for that sum.

But, we think, the Chancellor was clearly correct in allowing Littleton as the grantee of champertous deeds the right to be subrogated to the claims of his grantors to share in the fund. The question of title has been settled by the prior adjudications of the Chancellor affirmed on appeal and is not now in any way involved. The parties are in a Court of Equity and the Chancellor's decree is clearly in accord with the equities of the case. If appellants have no further rights in the fund, they have no right to prosecute this appeal. On the other hand, if the Chancellor's decree should be reversed and the fund awarded to appellants the result would be that while owning only ⅗₀ of the property they would actually get substantially all of the fund at Littleton's expense.

The deeds to Littleton being champertous are utterly void and except for the tax deed and the present litigation could be disregarded by his grantors in an action of ejectment. Saylor v. Stewart's Heirs, 49 Tenn. 510; Key v. Snow, 90 Tenn. 663, 18 S. W. 251; Green v. Cumberland Coal & Coke Co., 110 Tenn. 35, 72 S. W. 459. Other cases hold that a champertous vendee may recover in the name of the vendor. Nance v. Thompson, 33 Tenn. 321; Augusta Mfg. Co v. Vertrees, 72 Tenn. 75; Iron, etc. Co. v. Broyles, 95 Tenn. 612, 615, 32 S. W. 761. To claim the right of subrogation is, in effect, to claim in the name of the grantors in the deed. At least the distinction is one without a difference in equity. If, as held in the cases cited, the vendors could disregard their deeds and sue for the land it would seem to follow that they could disregard it and sue for the proceeds of the sale of

the land. Since their vendee could have sued in their names to recover the land there is apparent to us no reason for repelling his attempt to be subrogated to their right to participate in the proceeds of the sale.

We find no error and it results that all assignments are overruled and the decree affirmed. Costs will be adjudged against appellants and sureties and the cause remanded.

Hale and Howard, JJ., concur.