MoFaRLANd, J.,
delivered the opinion of the court:
This is an action of ejectment, in which the judgment was for the defendant. The controlling question was as to the closing line of a deed made by Isabella S. French to 'Joseph Larens, on the 21st of November, 1859. The deed conveys a piece of land described by three lines, containing, according to the recitals of the deed, four acres and one rood, at the price of $100 per acre. From the third corner, which is a stake at the road, the call is, “then' a direct line along the road to the beginning.”
The proof shows that there then was and still is a road running the general direction from the third to the beginning corner, but that it deflects to the east of a straight line, somewhat in a curve.
The defendant insists that the line should follow the road, while the plaintiff insists that it should run straight to the beginning. The corners are not disputed. The proof indicates that at the date of the deed, a road had been cut out on the bank above and west of the main road, which *39 was traveled wlien the main road was out of order, but the proof is in conflict as to whether, at the date of the deed, the main road ran as it now does. Larens, after his purchase, put up his fence on the bank, whether in a direct line or not, is not shown, but has since moved it out along the edge of the present main road (and so the jury have found).
His fence is, however, over the line, if run straight from the one corner to the other. The rule is well established that a call for natural objects will control calls for course and distance.
In the case of Massengill v. Boyles [11 Hum., 112, 115], the call was to begin at a chestnut on the bank of Buffalo creek, corner to Rhodes’ big survey, then to run south seventeen degrees west, along the line of said survey, one hundred and thirty poles, to a stake on the bank of Holston river, two poles below the mouth of Buffalo creek, corner to Rhodes’ big survey, etc.
The call of the Rhodes grant -was down the creek, making the creek the line, and the Massengill grant calling to run along the line of Rhodes’ survey. The creek was held to be the true line, notwithstanding the call was to run south seventeen degrees west, which would indicate a straight line. The same rule has often been adhered to, as a call to run dowm a river or water-course will, in general, follow the stream, although the course called for diverge from the stream. It is agreed that a call to run with a road or street will be governed by the same rule; and it has been said that a street, alley, or highway is a monument of boundary as much as a wall or any natural object, and in some cases this is no doubt true, as where town lots are bounded by streets and alleys, which are definitely fixed and.located; and so, also, farms may be bounded by roads where they are so definitely located as to furnish reasonably certain evidence where the line is.
We do not think, however, that this case is governed by *40 this rule. Here the deed shows a sale of four acres and one rood, at one hundred dollars per acre. The price and the quantity indicate that exact measurement was intended. The corners are not disputed, and the call is to run “a direct line along the road to the beginning.” A direct line means a straight line, not crooked, oblique, or circuitous. See Webster’s Dictionary. In case where-the call is to run with the line of another tract, the intention is clear not to leave a strip of land between the two tracts, and so where the call is to run with a water-course, such watercourse constituting natural and well-defined boundaries more tangible and certain than imaginary lines to be traced by the compass, will, in general, be controlling, and so in general would be the calls for streets and alleys, and in some cases, also-, the calls for the roads might control.
But, as we have said, the deed in this case purports to convey four acres and one rood, at $100 per acre, and the line calls to run direct from, one corner to- the other, along the road. The road was a second class country road, not located, as we understand the proof, by fences or fixed lines, liable to be changed or spread by the travel shifting from the one side to the other in bad weather, as, from the proof, was probably the case in this instance. We think, in such a case, it was not intended to run a circuitous line between the two corners, which could be identified by no more certain means than to follow the course of -a road of this character. The defendant, it seems, does not claim the center of the road, but only to- the edge. It would sometimes be very difficult to tell exactly where the edge of a road of this character is situated; and, as we have said, from the character of the deed, we think it was intended that the line should be one capable of location with something like exactness, and that the call along the road meant only that the line was with the general direction of the road. We hold that the call for a direct -o-r straight line *41 in this instance, should control the call “along the road.’* The charge of the circuit judge does not definitely decide the question either way..
Let the judgment be reversed, and a new trial awarded.