NioholsoN, Olí. J.,
delivered the opinion of the. court:
J. T. Hillis was a purchaser of one of the lots of the land of Wm. Martin, deceased, sold by a decree of the chancery court of Warren county. Before the sale, an order of survey was made by the court, and the county surveyor reported lot No. 3, according to its metes and bounds, stating the quantity to be 267 acres.
The court also ordered proof to be taken to ascertain the minimum price, per acre, of the land, and the report on the proof was $7 per acre. The commissioner advertised the lands as lot No. 3, containing 267 acres, and at the sale read the advertisement and exhibited the plot of the surveyor, on which the lot was set out by metes and bounds, with 267 acres written on the face as the number of acres it contained. But in offering the land for sale, the bidding was not by the acre, but in gross for the tract. TIillis made a calculation as to what 267 acres woud come to at $7 per acre, and bid that amount in gross. The land was knocked down to him, he executed his notes accordingly, and the sale ivas afterwards reported to the court and confirmed, and the title vested in Hillis. About two years afterward, when his second note was about due, ITillis ascertained, by another survey of the land, that instead of containing 267 acres, it contained 224 acres, showing a deficiency of 43 acres in the tract. He thereupon filed his bill for an abatement of the price of $301, that being the amount of deficiency in the quantity of the land at $7 per acre.
There is no allegation that the commissioner or the owners of the land were guilty of any fraudulent misrep *275 resentation as to the Quantity of the lands, but the surveyor made a mistake in his calculations, and in that way the commissioner and the purchaser both assumed that the tract contained 267 acres. The chancellor dismissed the bill, and complainant has appealed.
Hr. Story says: “It may be laid down as a general rule, that when the sale is fair, and the parties are equally innocent, and the thing is sold in gross, by the quantity, by estimation and not by measurement, a deficiency will not, ordinarily, entitle a party to relief, either by an allowance for the deficiency nor by a rescission of the contract. Thus,' for example, the sale of a farm by known boundaries, containing, by estimation, a certain number of acres, will bind both parties, whether the farm contains more or less.” 1 Story, Eq., 195; 4 'Mason, 414.
In the case of Meek v. Bearden, 5 Yer., 471, the court said: “Complainant has not alleged fraud, and has failed to make out any 'misrepresentation that has influenced him in making the purchase, and this court will not decree compensation for a deficiency in quantity, even in a case execu-tory, in the absence of fraud or misrepresentation, where the boundaries and outlines of a tract are given, and the means furnished of ascertaining the true quantity.” The court conclude [Id., p. 474]: “We think that Meek has all he intended to buy, and that induced him to give the three thousand dollars, and that no one who has the precise thing expected and intended to be purchased, can have, in a court of equity, an abatement in the price. This is the plain principle of common sense, and needs not the support of authority.”
In the case of Horn v. Denton, 2 Sneed, 133, it is said that the authorities sustain the position that when a private sale of land is made in gross, and not by the acre, a subsequent discovery that both parties were mistaken in their opinions will not avail to set aside the contract, unless the mistake was very gross, and that the same authorities place judicial sales, after confirmation, under very much the *276 same rules, as to their binding effect, as private contracts. But in that case some of the parties were not sni juris, and for that reason it was made the exception to the general rule.
In the present case the application for abatement is made by the purchaser, after confirmation of the sale, and all the parties were sui juris. The decree of the chancellor was, therefore, correct, and it is affirmed with costs.