Rich v. Scales.

RICH *v.* SCALES *et al.*

'(*Nashville.*   December Term. 1905.)'

1.  **SALE OF LAND. By acre. Relief granted for excess or deficiency.  Deed not conclusive.**
    Where land is sold by the acre, it is a matter of course to grant relief for an excess or deficiency; and, in determining whether the sale was by the acre, the deed will not control, but the parties may go behind it and prove the contract of which the deed was intended as an expression.   (*Post, p.* 65.)

    For cases cited, see opinion (*post, pp.* 66, 67).

2.  **SAME. In gross.  No relief except for fraud, or mistake equal to fraud.**
    Where the sale is in gross, no compensation will be granted for either an excess or a deficiency, but if the deed recite the number of acres and it subsequently develops that there is an excess or a deficiency so great as to justify an inference of fraud, or of mistake equivalent in its effect to fraud, relief will be granted.   (*Post pp.* 65, 66.)

    For cases cited, see opinion (*post, pp.* 66, 67).

3.  **SAME.   If vendee inspects land, no recovery, unless deficiency shocks conscience of court.**
    If the vendee has inspected the land, and obtained the very tract he intended to buy and all the vendor intended to sell, he can have no relief, although the deed purports to state the number of acres, unless the difference between the number stated and the actual number of acres contained be so great as to shock the conscience of the court, when relief will be granted on the ground of fraud.   (*Post, p,* 66.)

    For cases cited, see opinion (*post, pp.* 66, 67).

Rich v. Scales.

4. **SAME.** If part held by superior title, vendee may recover on covenants, or, if loss material, may rescind.

If the shortage arise from the fact that a portion of the land embraced in the boundaries of the deed is held by a better title, relief may be had as of course, upon the covenant of seisin, or, if there has been an eviction, upon the covenant of warranty of title; or, if the loss be material, the vendee may have a partial rescission, retaining that to which the title is good and receiving compensation for the rest on the basis of the proportion which the part lost bears to the whole purchase. (*Post, p. 66.*)

For cases cited, see opinion (*post, pp. 66, 67*).

5. **SAME.** Adverse possession of part. Knowledge of, by vendee, defeats recovery.

If a part of the land which the deed purports to convey be held in adverse possession at the time of the conveyance, and the vendee have knowledge of such adverse possession, he can have no relief, either upon his covenants at law, or in any form in equity; otherwise, if he have no knowledge of such adverse possession at the time. (*Post, p. 66.*)

For cases cited, see opinion (*post, pp. 66, 67*).

6. **SAME.** Mere recital of acreage not a warranty.

The mere recital in a deed of the number of acres which it purports to convey does not amount to a warranty that the tract contains so many acres. (*Post, p. 67.*)

Cases cited and approved: Allison v. Allison, 1 Yerg., 16; Witherspoon v. Porter, 1 Tenn. Cas., 666.

7. **SAME.** Marked lines or natural boundaries control courses and distances. Rule applies to actions on covenants.

Generally, a statement of the number of acres and a recital of the metes and bounds are treated merely as matters of description, and marked lines or natural boundaries will control either the courses or distances called for, or both; and this rule applies to actions upon the covenants in a deed as well as to actions for the recovery of the possession of land. (*Post, pp. 67, 68.*)

Rich v. Scales.

Cases cited and approved:    Meek v. Bearden, 5 Yerg., 467;
Blount's Lessee v. Medlin, 2 Overt., 199; Massengill v. Boyles,
4 Hum., 205; Moses v. Larens, 2 Tenn. Cas., 38; Lewis v. Oak-
ley, 10 Heisk., 483; Disney v. Coal Creek Mining & Mfg. Co.,
11 Lea, 607.

8.  **SAME.  Express convention as to number of acres is warranty.**
Where a deed contains the equivalent of an express convention
that the tract conveyed contains a given number of acres,
this will be treated as a warranty.  (*Post, p.* 68.)

Case cited and approved: Hall v. McCammon (Tenn. Ch. App.),
37 S. W., 1027.

9.  **SAME.  In gross.  Bounds control distances.  Adverse pos-
session known to vendee.  No recovery.  Case in judgment.**
A triangular tract of land was conveyed by a deed in which it
was described as being bounded for a certain number of feet by
two designated streets, and fronting on a railroad right of
way in the form of an embankment along the entire length of
its frontage, elevated above the lot to a height of one foot, and
plainly noticeable.  Before the deed was executed, the vendee
went upon the premises and examined them, but made no actual
measurements, and at the time he took the deed, he believed
that it stated the lengths of the lines correctly.  It appeared
by a survey afterwards made that the lines were shorter than
the distances given in the deed, and that there were 18,842
square feet less area in the lot than there would be in a lot
of the dimensions described in the deed.  The deed contained
no statement or covenant as to quantity.  The bill was filed to
recover on the covenants in the deed.

*Held*:    (1)    The sale was in gross, and there is no room for a
claim of deficiency of quantity, either on the ground of ex-
press contract or on the ground of fraud; (2) The bounds re-
cited in the deed as inclosing the land, viz.: the two streets
and the railroad right of way, took precedence of and cor-
rected the calls for distance; (3) Assuming that the strip held
by the railroad company really fell within all the descriptive

words of the deed, still the vendee could not recover, because that strip was in the adverse possession of the railroad company in a manner open and obvious to the vendee when he inspected the property before accepting the deed.

Case cited and distinguished: Bigham v. Madison, 103 Tenn., 358.

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

STOKES & STOKES, for Rich.

JAS. S. PILCHER and CHAS. W. RANKIN, for Scales et al.

MR. JUSTICE NEIL delivered the opinion of the Court.

The controversy in the present case arose on the deed appearing below and the negotiation just prior thereto, and on measurements made shortly after the deed was executed.  The deed referred to was as follows:

"For and in consideration of the sum of $5,000 paid and secured to us by B. Rich as follows: [stating terms of payment], D. C. Scales and wife, Grace C. Scales, and Mrs. L. J. Rankin (widow) have bargained and sold and by these presents do transfer and convey unto the said B. Rich, his heirs and assigns a certain tract

or parcel of land in Davidson county, Tennessee, as follows:

"Being a triangular shaped lot in South Nashville, fronting on the west side of the N., C. & St. L. Ry. and being bounded on its westerly side by Brown street and on its southerly side by Houston street. Said lot has a frontage on Brown street of 315 feet and on Houston street of 512 feet.

"For the conveyances of said property to the within named grantors, see Book 146, p. 396; Book 146, p. 397; Book 146, p. 398; Book 225, p. 313, and Book 225, p. 195 —in the register's office of said Davidson county, Tennessee, to which reference is here made.

"Said lot being a part of the Humphrey, Houston, and Martin plan of lots as registered in Book 36, p. 117, in said register's office.

"To have and to hold the said tract or parcel of land with the appurtenances, estate, title, and interest thereto, belonging to the said B. Rich, his heirs, and assigns, forever. And we do covenant with the said Rich that we are lawfully seized and possessed of said land in fee simple, and have a good right to convey it and the same is unincumbered.

"And we do further covenant and bind ourselves our heirs and representatives to warrant and forever defend the title to said land to the said B. Rich, his heirs, and assigns against the lawful claims of all persons whomsoever.

"Witness our hands this 21st day of November, 1902.

"D. C. SCALES,

"GRACE C. SCALES,

"L. J. RANKIN."

While the negotiations were in progress, and before the deed was executed, the vendee went upon the premises and examined them. This examination disclosed to him the following facts: On one side of the triangle lay Brown street, on another side Houston street, and on the remaining side, the front of the lot, was the roadway of the railroad company. This roadway abutted upon the lot in the form of an embankment thrown up along the entire length of its frontage; said embankment extending fifty feet westward from the center of the track. This embankment was elevated above the lot in question one foot in height, and was plainly noticeable. The effect of this configuration was a triangular piece of ground distinctly lower than the railway land, and bounded on one side by the railway embankment just referred to and on the other two sides by the two streets.

The foregoing lot was the property which the vendee intended to buy and which the vendors intended to sell, and it was, in fact, bought and sold.

The deed, however, gave the length of the line on Brown street as 315 feet, and on Houston street as 512 feet. In fact, however, a survey which the vendee caused to be made after he had received his conveyance demonstrated that the line of the triangle above de-

scribed, running along Brown street, was only 279 feet, instead of 315 feet, and the line on Houston street was 443 feet, instead of 512 feet, and the line along the railroad was only 52.4 feet, instead of 60 feet; the latter being the distance of frontage which the lot would have had on the railway if the other two dimensions had actually existed as stated in the deed.

Before consummating the purchase, the vendee had furnished him an abstract of title. Several of the deeds gave the dimensions of the lot as to the length of the lines with the same definiteness exhibited in the deed above copied. One of them, however, the earliest deed in the chain of title, gave the distance as about 315 feet on Brown street and about 512 feet on Houston street. This deed also contained a diagram of the lot and the adjoining streets, which showed plainly that the line on Houston street could not be more than about 440 or 445 feet.

However, the court of chancery appeals have found that, notwithstanding the information conveyed to the vendee by the above mentioned deed and by his own ocular examination of the area of the lot, he believed that the lines were of the lengths, respectively, above indicated.

So the substance of the finding of facts by the court of chancery appeals, binding on this court, is that the vendee obtained by the conveyance the very lot which he intended to buy and which the vendors intended to sell and that this purchase was made after an actual inspec-

tion of the property, but he believed that the deed stated the length of the lines correctly.

The court of chancery appeals also found as a fact that the Nashville, Chattanooga & St. Louis Railway Company were in the actual adverse possession of the strip of land now in controversy when the vendee made his inspection, and when the deed was made, and had been in such possession for more than seven years.

The court of chancery appeals finds that there are 18,842 square feet less area in the lot conveyed than there would be in a lot running 315 feet on Brown street and 512 feet on Houston street. That court estimated that on the basis of square feet the property at the contract price expressed in the face of the deed was worth 6 2-3 cents per square foot. They accordingly rendered a decree in favor of the complainant for $1,168.20 as shortage on the land.

The bill was filed to recover on the covenants of the deed. This pleading, after stating complaintant's version of the facts, proceeds:

"Complainant is advised that he has the right to erect whether he will sue for a rescission of said contract or retain so much of the property to which the title is clear and sue his vendors on the covenants in their deed for property conveyed, and to which they had no title that was free and unincumbered, and complainant elects to pursue the latter course, and retain so much of said lot that was owned by vendors and conveyed to him by their deed, and seek a recovery against them for the value of

the property conveyed, and to which they did not have a free and unincumbered title."

After the survey was made by the vendee and the lines were discovered to be not so long as stated in the deed, and before the filing of the bill, the vendors offered to rescind the transaction and return to the vendee the whole consideration paid, consisting of cash and notes and some real estate that had been conveyed to them by the vendee. He declined, however, to accept the rescission, and elected to stand upon what he deemed to be his strict legal rights, and filed the bill as above stated.

An appeal having been prayed from the decree of the court of chancery appeals to this court, the question to be determined is whether the decree of that court was correct in view of the pleadings and the facts found.

Our cases establish the following principles upon the general subject to which the present controversy belongs: Where land is sold by the acre, it is a matter of course to grant relief for either an excess or a deficiency; and, in determining whether the sale was by the acre, the deed will not control, but the parties may go behind it and prove the contract of which the deed was intended by the parties as an expresssion. Where the sale is in gross, the rule is that no compensation will be granted for either an excess or a deficiency; but this is subject to the following exceptions: If the deed recite the number of acres, and it subsequently turn out upon survey, or be otherwise accurately ascertained, that there is an

excess or deficiency, over or under the acreage stated, so great as to justify an inference of fraud, or of a mistake equivalent in its effect to fraud, relief will be granted. If, however, the vendee has inspected the land, and has obtained the very tract he intended to buy and all the vendor intended to sell, he can have no relief, although the deed purport to state the number of acres, unless the difference between the number stated and the actual number of acres contained be so great to shock the conscience of the court. Relief will then be granted on the ground of fraud. If the shortage arise from the fact that a portion of the land embraced in the boundaries of the deed is held by a better title, relief may be had, as of course, upon the covenant of seisin, or, if there has been an eviction, then upon the covenant of warranty of title, or the vendee may have a total rescission if the loss be material, or, if he choose, he may have a partial rescission, retaining that to which the title is good, and receiving compensation for the rest on the basis of the proportion which the part lost bears to the whole purchase. But if a part of the land purporting to be conveyed by the deed be held in adverse possession at the time of the conveyance, and the vendee have knowledge of such adverse possession at the time he takes his conveyance, he can have no relief, either upon his covenants at law or in any form in equity; otherwise, if he have no knowledge of such adverse possession at the time. For support and for illustration of these principles, see the following authorities: *Allison* v. *Allison*, 1 Yerg., 16;

*Hendrick's Heirs* v. *Mosely,* 3 Yerg., 74; *Meek* v. *Bearden,* 5 Yerg., 467; *Neal v. Allison,* 1 Tenn. Cas., 147; *Horn* v. *Denton,* 2 Sneed, 125; *Miller* v. *Bentley,* 5 Sneed, 674; *Barnes* v. *Gregory,* 1 Head, 230, 237; *Bradley* v. *Dibbrell,* 3 Heisk., 522; *Williams* v. *Bradley,* 7 Heisk., 54; *Adams* v. *Brown,* 4 Baxt., 124, 133; *Shields* v. *Thompson,* 4 Baxt., 227, 230; *Blakemore* v. *Kimmons,* 8 Baxt., 470, 473; *Witherspoon* v. *Porter,* 1 Tenn. Cas., 666; *Hillis* v. *Martin,* 2 Tenn. Cas., 273, 275; *Myers* v. *Lindsay,* 5 Lea, 331, 333, 334; *Moses* v. *Wallace,* 7 Lea, 413, 416, 417, 419; *Deakins* v. *Alley,* 9 Lea, 494, 497; *State, for Use, etc.,* v. *Keller,* 11 Lea, 399, 403; *Waters* v. *Hutton,* 85 Tenn., 109, 1 S. W., 787; *Bigham* v. *Madison,* 103 Tenn., 358, 52 S. W., 1074, 47 L. R. A., 267; *Foster* v. *Bradford,* 1 Tenn. Ch., 400, 403; *Haynie* v. *American Trust Inv. Co.* (Tenn. Ch. App.), 39 S. W., 861; *Perry* v. *Williamson* (Tenn. Ch. App.), 47 S. W., 189; *Collins* v. *Smith,* 1 Head, 251.

Other rules laid down are that the mere recital in the deed of the number of acres which it purports to convey does not amount to a warranty that the tract contains so many acres. *Allison* v. *Allison,* supra; *Witherspoon* v. *Porter,* 1 Tenn. Cas., 666. Generally both the statement of the number of acres and the recital of the metes and bounds are treated merely as matters of description (*Allison* v. *Allison,* supra) ; and where there is a conflict between the calls or lines set out in the deed, and the bounds by natural objects or other monuments referred to therein, and the vendee goes upon the land and in-

spects it before buying, he will not be heard to say that he was deceived, when the bounds are such and so obvious that any error in the lines would be perceived from the bounds and would be corrected in the mind upon observation (*Meek* v. *Bearden,* 5 Yerg., 467, 474) ; and generally marked lines or natural boundaries will control either the course or distance called for or both. *Blount's Lessee* v. *Medlin,* 2 Overt., 199; *Massengill* v. *Boyles,* 4 Humph., 205; *Moses* v. *Larens,* 2 Tenn. Cas., 38; *Lewis* v. *Oakley,* 10 Heisk., 483; *Disney* v. *Coal Creek Mining & Mfg. Co.,* 11 Lea, 607, 611, 612.

Where the deed contains the equivalent of an express convention that the tract conveyed contains a given number of acres, this will be treated as a warranty. *Hall* v. *McCammon* (Tenn. Ch. App.), 37 S. W., 1027.

Applying the foregoing principles to the case in hand, the solution is not difficult.

The sale was in gross. The deed contains no covenant as to quantity, nor even any recital or mere statement of quantity. Hence there is no room for a claim of deficiency of quantity, either on the ground of express contract or on the ground of fraud. If it could be properly held that the statement of definite calls should, in view of the fact that a calculation would disclose the amount of land purporting to be contained therein, be treated as a representation of quantity within the authorities above referred to, a question which it is not necessary to now decide, still such rule would not apply to the present case, because the bounds recited in the deed as inclosing

the land, the two streets and the railroad land, took precedence of and corrected the calls for distance, so that the vendee could make no just claim that he was deceived as to the extent of the property he was buying.

Again, treating the case really presented in the bill, an action on the covenants of the deed, upon the ground that a part of the land embraced within the calls was at the time of the conveyance held by an outstanding and better title, that of the railroad company, two insuperable objections are apparent: Firstly, as already said, the representation by bounds would control that made by the calls for distance, and it follows that none of the land described was held by better title, and that the complainant obtained all that he contracted for; secondly, assuming that the strip claimed in the bill really fell within all the descriptive words of the deed, still the complainant could not recover, because that strip was, when the conveyance was taken, then in the adverse possession of the railroad company in a manner open and obvious to the complainant, and under such circumstances he could assert no rights either at law or in equity in respect thereof based upon the deed in question.

It is insisted that the cases we have cited concerning the correction by monuments of calls for course and distance are applicable only in actions brought for the recovery of the possession of land, and that they have no bearing upon a controversy of the kind we have before us. To say nothing of the application of the same principle in *Meek* v. *Bearden*, 5 Yerg., at page 474, we see no rea-

son why it should not apply, since in either case the underlying reason is in substance the same. The facts of the present case furnish a graphic illustration of the propriety and justice of such application; the exact limits of the land bought and sold being as apparent to the eye of an observer as are the dimensions of a box or a table.

It is insisted that the case of *Bigham* v. *Madison,* supra, fully sustains complainant's contention. This is an erroneous view. In that case the deed purported to pass title to twenty-five acres of land which it described. The location of the supposed lines was pointed out; but both the vendor and the vendee were mistaken as to the true location. It subsequently developed that one-half of the land covered by the calls was held by a superior title. It did not appear that there was any adverse possession of any part of the land at the time the conveyance was executed, either known to the vendee or existing in fact. It turned out that the vendee did not obtain the land he intended to buy and which the vendor intended to sell. Upon this state of facts the vendee was rightly granted a rescission. That was a very different case from the one now before the court.

For the reasons stated, we are constrained to reverse the decree of the court of chancery appeals, and dismiss the bill.