Curtis E. VAUGHN and Wife, Marilyn Vaughn, Appellants,

v.

Melvin RAY and Wife, Clara Opal Ray, Appellees.

Supreme Court of Tennessee.

May 12, 1980.

abatement of the purchase price of a tract of land, "containing by estimation 25 acres, more or less," purchased from the appellees Ray. A subsequent survey of the land showed that the tract actually contained only 13.63 acres, a deficiency of 45.48%. Without comment other than on the gross discrepancy between the actual acreage in the tract and the acreage represented by appellees, the chancellor abated the price paid by the appellants by $2,046.00. The Court of Appeals reversed the decree of the chancellor and dismissed the action, holding that fraud was not proven and could not be presumed under the circumstances, and that there was no mutual mistake of fact. We do not agree with the conclusions drawn by the Court of Appeals from the evidence, nor with its action in reversing the chancellor's decree and dismissing the action.

It is undisputed in the record that in July, 1976, the Rays placed the following ad in the Memphis Commercial Appeal:

> HARDEMAN CO. 25 ac. w/3 br. house & barn w/fenc. pasture. $31,250. Also 10 ac. 2/12 × 70 trailer w/fence pasture, $17,900. Located between Bolivar, Middleton near Spring Creek Ranch & Grand Valley Lakes. Both properties adjoined & owner will make special price if sold together. 388–0454.

The Vaughns saw the advertisement, were interested in the property, and went to view it on three different occasions. Mr. Ray showed the Vaughns the fence lines, and gave the Vaughns a panoramic view of the property from the Ray house located on a hill overlooking the property. Mr. Vaughn testified that when he viewed the property he did not believe it contained 25 acres. He further testified that Mr. Ray said he thought the acreage involved was closer to 30 than 25. Ray testified he told Vaughn there were 25 acres in the tract but denied stating it was closer to 30. Both agree that there was no discussion of a price per acre and, on sale of the property, it was described as follows:

> Bounded on the north by Melvin Ray (formerly Mrs. Docia Stevens' J. P. Ferguson tract; bounded on the south by

H. Morris Denton, Randi B. Rich, Denton & Cary, Bolivar, for appellants.

David O. Kemp, Bolivar, for appellees.

## OPINION

COOPER, Justice.

Curtis Vaughn and wife, Marilyn Vaughn, brought an action in the Chancery Court of Hardeman County seeking an

Pocahontas public read (Peavine) and Golden McAlpin and Hodge (formerly Kiestler); on the east by an agreed line between the parties hereto[1] on the west by W. A. McKinnie *containing by estimation 25 acres, more or less.*

We agree with the Court of Appeals that under the circumstances attendant the sale of the above property, the sale was "in gross." As a general rule, where a sale is "in gross," and not by the acre, compensation will not be granted for either an excess or a deficiency in the acreage. *Evins v. Price,* 63 Tenn.App. 627, 477 S.W.2d 204 (1972); 92 C.J.S. *Vendor and Purchaser* § 266(3) (1955); Annot., 1 A.L. R.2d 9 (1948). But this general rule is subject to a number of exceptions. As noted in *Rich v. Scales,* 116 Tenn. 57, 91 S.W. 50 (1905), "[i]f the deed recite the number of acres, and it subsequently turn out upon survey, or be otherwise accurately ascertained, that there is an excess or deficiency, over or under the acreage stated, so great as to justify an inference of fraud, or of a mistake equivalent in its effect to fraud, relief will be granted." *See also Caughron v. Stinespring,* 132 Tenn. 636, 179 S.W. 152 (1915), Annot., 1916C L.R.A. 403, for a statement of similar import.

We think the deficiency in this case of 45.53% of the acreage stated is so gross that it raises the specter of fraud or of a mistake equivalent in its effect to fraud, and requires an abatement of the purchase price. Further, we are of the opinion that the totality of evidence is to the effect that the appellees knowingly misrepresented the acreage in the tract sold appellants and that they were guilty of actual fraud, and that an abatement of the purchase price is required. Mr. Ray is a farm manager. For some eleven years prior to that employment, he assisted timber buyers in purchasing timber and tracts of land. Aside from this experience in dealing with large tracts of land, Mr. Ray lived on the property in

question for a number of years and built the perimeter fences—thus having firsthand knowledge of the actual dimensions of the tract. There is also evidence that he knew the tract had been reassessed for tax purposes in 1970 and that it was carried on the tax rolls of Hardeman County as containing only 14.6 acres.[2] In addition, in 1970, the Rays acquired an adjoining 10 acre tract, whose location and dimensions necessarily emphasized the fact that the tract the Rays sold appellants could not possibly contain, or even approach, the 25 acres represented.

The decree of the Court of Appeals is reversed. The decree of the chancellor is affirmed, and the cause is remanded to the Chancery Court of Hardeman County for enforcement of the decree. Costs incident to the appeal are adjudged against the Rays and their surety.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.

---

1. The description based on an older deed. There is no indication that the "parties hereto," Vaughn and Ray, actually agreed to this line.

2. The tract sold appellants and the adjoining 10 acre tract were combined on the tax rolls and shown to be 23.6 acres.