Waters *v.* Hutton.

Tenn.
85　109
116　67

## WATERS *v.* HUTTON.

### (*Knoxville.*　October 6th, 1886.)

1. VENDOR AND VENDEE.　*Land adversely holden.*　*Compensation in equity.*

   A vendee, having lost part of the land conveyed to him, by reason of its being adversely holden by another at the date of his purchase, is entitled, if such part was really sold to him, and taken into account in estimating the purchase-price, to recover of his vendor, in equity, though not at law, the value thereof; on the ground that the sale is to that extent champertous and void, and that it w̧ould be against equity and good conscience to allow the vendor to retain that part of the purchase-price.

   Code cited: §§ 1776-77 (T. & S.), §§ 2445-46 (M. & V.)

   Cases cited and approved: Dibbrell *v.* Bradley, 3 Heis., 522; Williams *v.* Burg, 9 Lea, 464.

2. SAME.　*Same.*　*Compensation denied, when.*

   But the vendee cannot recover of his vendor the value of land thus lost, either in equity or at law, if the sale was in gross, of so many acres, more or less, and not by the acre; and the boundaries of the land actually sold were pointed out, or known to the vendee; and the land claimed to have been lost was not estimated by either buyer or seller in fixing the purchase-price.

   Cases cited and approved: Williams *v.* Hogan, Meigs, 149; Blakemore *v.* Kimmons, 8 Bax., 473.

---

FROM BLOUNT.

---

Appeal from the Chancery Court of Blount County. December Term, 1885. W. B. STALEY, Ch.

HOOD & MCTEER for Waters.

CATES & SON for Hutton.

LURTON, J.   The bill charges that complainant purchased from defendants a farm, consisting of five distinct, but adjoining, tracts of land; that these several tracts, by apt description, were conveyed to him by the defendants by deed containing covenants of seizin and general warranty. The bill further charges that the title has failed as to four acres and a fraction of one of the tracts, and as to sixty. acres of another; that both of these parcels, of four acres and sixty acres, belong to third persons, and at the time of the sale and conveyance to complainant were adversely holden by such third persons, under titles paramount to that of defendants.   The sale is charged to have been fraudulently made by defendants, who say that they bought believing that they would get a good title to all the land included in the boundaries of their conveyance.   The sale was in gross, and not by the acre.

Complainants say that they elect to keep the land to which their. title is good, and pray relief upon the covenants of seizin and warranty.

A demurrer was filed by defendants, to the effect that under the allegations of the bill, the land to which title has failed was adversely held by third persons at the time of sale and conveyance, and that under this state of facts the sale was champertous and void, and that no action can be maintained upon the covenants in the deed for loss of said land.

The Act of 1821, Chapter 66, Section 1, carried into the Code at §§ 1776–7, provides that the sale

of lands adversely holden, shall be utterly void. This Court, in the case of *Williams* v. *Hogan*, Meigs, 187, which case was an action at law for breach of covenants of warranty, held that a sale by one out of possession, of land adversely holden, was void for all purposes, and that a vendee could not maintain covenant on the clauses of warranty in the vendor's deed. This construction of this statute has been maintained as settling all questions as to the rights of such a vendee upon his covenants at law. But it is insisted that a different rule prevails in courts of equity, and that even if no recovery can be had upon the covenants in equity, yet that a vendee, under such a deed, who has not obtained that which he thought he was buying, ought to have compensation upon the ground that the sale, to the extent that it was champertous, was void.

This brings us to a consideration of the question as to whether complainant can, in a court of equity, obtain any relief upon the facts stated in his bill.

The case of *Dibrell* v. *Bradley*, 3 Heis., 522, was in its facts very similar to the case under consideration. His counsel held that the bill proceeded upon the ground of fraud and misrepresentation, and title in another at time of sale, and that complainant was entitled to compensation. The case does not discuss the question, or review the authorities, and lays down no rule other than such as may be deduced from the facts

of the case and the holding that the complainant was entitled to compensation.

The case of *Blakemore* v. *Kimmons*, 8 Bax., 473, was a bill filed by a vendor against his vendee, for a specific performance of a contract of sale of land. The vendee was not permitted to avail himself of the defense that a part of the land he had contracted to buy was adversely holden, upon the ground:

*First*—That the land was sold in gross.

*Second*—That the land to which the title had failed was at the time in the adverse possession of another, and that *this fact was well known to the vendee.*

The case of *Williams* v. *Burg*, 9 Lea, 464, was a bill to recover damages for breach of covenant of warranty. The defense, among other things, urged in argument, that part of the land lost was in actual adverse possession at the time the deed was executed. Judge McFarland, in answer to this, said:

"The answer sets up no such defense, and the defendant cannot prove defense not set up in his answer. If the question were properly presented, it would seem to be in some doubt under our authorities. The case of *Williams* v. *Hogan*, Meigs, 147, was an action upon a covenant of warranty, the declaration showing the land was adversely holden when the deed was executed. It was held that a demurrer upon this ground should be sustained; that the deed was void for all purposes,

and no action could be maintained upon the covenants.

"In the subsequent case of *Ruffin* v. *Johnson*, 5 Heis., 604, it appeared that the debtor had secured his creditors by a deed of trust upon certain lands. The bill was filed to enjoin a sale by the trustee, upon the ground that as the lands were adversely holden, the deed was void for champerty. The Court held that the complainant was estopped from setting up this defense by his bill; and in other cases it has been said that although such deeds are ineffectual to convey the title so as to enable the purchaser to recover in ejectment; yet a recovery may be had in the name of the vendor, which will enure to the benefit of the vendee, by way of estoppel.

"However the rule may be in law, the true rule in equity should be, that if the land adversely held was really sold and taken into the account in estimating the price, the vendor ought not to be allowed to retain that part of the purchase-price. If he be not liable upon the covenants of the deed, he should be compelled to restore the purchase-money *pro tanto*, upon the ground that the sale was to that extent void.

"If, on the other hand, the purchaser knew at the time that the land was adversely held, and that, too, by a paramount title, and this part of the land was not really intended to be sold, or estimated in fixing the price, then the vendor ought not, in equity, to be liable, upon his covenant or otherwise."

8

The rule, as thus stated by Judge McFarland, while not necessary to the decision in that case, and therefore *obiter dictum*, furnishes, we think, a sound exposition of the law, as we understand it. The vendor ought not, in equity and good conscience, to be allowed to hold that part of the purchase-money represented by the lost land; and, upon the ground that the sale to that extent was void, we hold that a bill will lie for compensation, where the purchaser failed to get that which he thought he was buying, and which the seller really undertook to sell to him, and which was estimated in the consideration of the purchase-price. Upon this ground we think the demurrer was not well taken, and was properly overruled.

The answer, which was filed upon the overruling of the demurrer, admits that the deed does include land to which the defendants did not have title, and which was adversely holden at time of sale and conveyance, but insists that the complainant was shown the true boundaries claimed by defendants, and that complainant knew that they were not buying the lost land, and that defendants did not undertake to sell other than the land which they were in possession of, and which was shown to the complainant. The proof sustains this defense. The owner of the sixty-acre piece included within the deed executed by defendants, showed the complainant before purchase where his line ran, and with him followed it for perhaps half a mile. This owner was at the

time living on this tract, and this was known to complainant. The true corner of the smaller piece lost was likewise shown complainant. That complainant knew at the time that he was not buying the sixty-acre piece owned and occupied adversely by Wilson, is, we think, clearly shown, and that he knew he was not buying the smaller interferance of about four acres, we think fairly inferable. We are satisfied that both these pieces of land were subsequently included in the deed made by defendants by mistake, and with no fraudulent purpose. The sale was in gross, and not by the acre. The deed estimates the number of acres in the several tracts, and then estimates the whole number at 307, more or less. That the title to a part of the land included in the deed has failed, is very clear. That a party has a right to stand upon his contract and claim the benefit of all that it gives, both at law and in equity, is undoubtedly the general rule. Can this complainant recover the value of the lost land included in his contract? We think not. He could not do so at law, because of the champertous character of the sale. He can come into a court of equity only upon the equitable ground that he ought to have compensation for the lost land because the sale was to that extent void. Coming into a court of equity for equitable relief, he must do equity. He ought not to recover that which in good conscience he cannot ask. He has gotten all that he understood he was buying, all that the

defendants understood they were selling. The land which he fails to get was not estimated, by either buyer or seller, in fixing the value. He gets a less number of acres than he expected, but his deed conveys him 307 acres, *more or less*, and the loss is not such as to prove fraud. The sale being by the gross, and not by the acre, he is entitled to no relief upon this account. The case is one of a purchase of a tract of land in the gross, after a personal examination by the vendee, who has gotten all that he wished or intended to buy, or that the vendor intended to sell. To use the language of this Court in a similar case:

"In such a case a purchaser should never present himself in a court of equity for relief." "No one who has the precise thing expected and intended to be purchased, can have, in a court of equity, an abatement in the price."

The decree of the Chancellor will be affirmed, with costs of this Court, as well as the court below.