GREEN v. CUMBERLAND COAL & COKE CO.

(*Nashville.* December Term, 1902.)

1. **CHAMPERTY.** Sale of land adversely held is champertous though vendor have perfect title.

A sale of lands held by the vendor under a perfect title but in the adverse possession of another at the time is a sale of a pretended title within the statute making such sales null and void as champertous without regard to the duration of such possession. (*Post, p. 38.*)

Code cited and construed: Sections 3171, 3172 (S.); 2445, 2446 (M. & V.); 1776-1777 (T. & S. and 1858).

Cases cited: Whiteside v. Martin, 7 Yerg., 397; Kincaid v. Meadows, 3 Head, 189, 192; Fain v. Headrick, 4 Cold., 334.

2. **CHAMPERTOUS DEED. EFFECT OF.** Vendor may disregard and sue in his own name.

A conveyance of land adversely held is a nullity and a vendor of such land may disregard his deed and in his own name sue in ejectment to recover the lands, without specially pleading the invalidity of such conveyance. (*Post, pp. 38-39.*)

Cases cited: Key v. Snow, 90 Tenn., 663; Wilson v. Nance, 11 Humph., 190; Fowler v. Nixon, 7 Heisk., 729; Saylor v. Stewart's heirs, 2 Heisk., 510.

3. **CHAMPERTY.** Not limited to actual possession, where possessor claims under color of title purporting to convey a fee.

Where there is an actual adverse possession of part of a tract of land under deed purporting to convey the entire tract in fee, the possessor has such constructive possession of the remainder, superior and adverse to that which results merely from the ownership of the legal title, as renders a conveyance of land so held champertous and void not merely to the extent of the actual possession but to all the lands inclosed within the boundaries of the assurance of title, under which such actual possession is held. (*Post, pp.* 39-41).

Cases cited: Dyche v. Gass's Lessee, 3 Yerg., 397; West v. Lanier, 9 Humph., 771; Rutherford v. Franklin, 1 Swan, 324; Brown v. Johnson, 1 Humph., 264; Pickens v. Delozier, 2 Humph., 400; Mitchell v. Churchman's Lessee, 4 Humph., 218.

FROM CUMBERLAND.

Appeal from the Chancery Court of Cumberland County.—T. J. FISHER, Chancellor.

WRIGHT & WRIGHT, for Green.

McNUTT & FISHER, for Cumberland Coal & Coke Company.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an ejectment bill, brought to recover a tract of land lying in Cumberland county. The chancellor granted the complainant a decree, which was affirmed by the court of chancery appeals, and the defendant has appealed to this court, and assigned errors.

The pleadings are very brief. The complainant charges that he is the owner and entitled to the possession of the land covered by grant 14,369 from the State of Tennessee to Richard Burk, describing it by metes and bounds, and that the defendant unlawfully ejected him therefrom, and withholds possession from him. The answer admits possession of respondent, denies all other allegations of the bill, and avers the defendant has the better title.

On the hearing it appeared that the grant to Richard Burk, No. 14,369, was superior to the one under which the defendant claimed, and the complainant connected himself therewith by a perfect chain of title. But it also appeared that in 1896, previous to the institution of this suit, complainant conveyed the lands in controversy to Joseph S. Ricker. The defendant, however, was at the time the conveyance was made in possession of the premises, having a few acres inclosed under fence, and claiming to certain boundaries covering the entire tract, defined in an assurance of title purporting to convey the fee, under which it claimed and was asserting title. All the land other than the few acres referred to was uninclosed and wild.

The court of chancery appeals found these facts, and

held that the possession of the land was held adversely
to the complainant at the time of his conveyance to Jo-
seph S. Ricker, and that this conveyance, which was re-
lied upon by the defendant to show that complainant
had parted with his title to the premises sued for, was
champertous, and wholly void, and the complainant,
having deraigned the superior title from the State, was
entitled to recover the entire tract.

The errors assigned raised these questions:

1. That the champertous character of the convey-
ance by complainant to Joseph S. Ricker cannot be
looked to or considered by the court in order to avoid
it, because there is no pleading attacking it upon this
ground; and also because the complainant cannot rely
upon his own unlawful act to invalidate his deed.

The law is otherwise. The statute prohibiting the
sale of pretended titles to lands makes the sale of land
utterly void where the seller has not by himself, agent,
tenant, or ancestor, been in actual possession, or taken
the rents and profits, for one whole year next before the
sale. Code (Shannon's Ed.), secs. 3171, 3172.

A sale of lands held under a perfect title, but in the
adverse possession of another at the time, is a sale of
a pretended title, within this statute, and no particular
length of possession is necessary to make the sale void.
*Whiteside* v. *Martin,* 7 Yerg., 397; *Kincaid* v. *Meadows,*
3 Head, 189-192; *Fain* v. *Headrick,* 4 Cold., 334.

A conveyance of lands adversely held is a nullity, and
may be so treated by both parties and strangers. The

title to the lands conveyed remains in the conveyor, and the vendee can not maintain an action for breach of the covenants in the conveyance. The vendor may disregard his deed, and sue in his own name for the lands; and, if the defendant proves a conveyance for the purpose of showing that he has parted with his title, as he may do in the chancery court under a general denial of title in the complainant, or under the general issue in ejectment at law, he may show its champertous character, and consequent invalidity in avoidance. This may be done without any pleading specially raising the question. *Key* v. *Snow,* 90 Tenn., 663, 18 S. W., 251; *Wilson* v. *Nance,* 11 Humph., 190; *Fowler* v. *Nixon,* 7 Heisk., 729; *Saylor* v. *Stewart's Heirs,* 2 Heisk., 510.

2. That the deed to Joseph S. Ricker was only void to the extent of the few acres held by defendant under inclosure at the time of its execution, that being the extent of the actual possession, which was necessary to render the deed void under the statute invoked; constructive possession being ineffectual for this purpose.

Actual possession, when the premises are susceptible of it, must, as a general rule, be by inclosure of the land by fences or like improvements, so as to make the occupation visible, notorious, continuous, and adverse, and thus constitute notice of the claim and possession of the occupant to the public; but there are exceptions to the rule where the land is not suitable for cultivation, and the occupant exercises dominion over it, which is possession, when accompanied with the necessary requisites

and asserted in an equally positive manner for other purposes, such as digging ore, mining coal, quarrying stone, and other similar purposes for which the land is alone or most adapted and valuable. *Pullen* v. *Hopkins,* 1 Lea, 741; *West* v. *Lanier,* 9 Humph., 762; *Copeland* v. *Murphey,* 2 Cold., 64; *Cooper* v. *Great Falls Co.,* 94 Tenn., 588, 30 S. W., 353. Neither residence on nor cultivation of the land is necessary to constitute actual possession. *Creech* v. *Jones,* 5 Sneed, 633.

Constructive possession exists where the land is in a wild state, and wholly unoccupied, or where one is in actual possession under some character of assurance or claim of title defining boundaries of a portion of the land, claiming to the extent of the boundaries defined in the written instrument. Where there is no part of the land in actual possession, the constructive possession is with the party holding the superior legal title; but where a portion of the land is in actual adverse possession, the party so holding has constructive possession of all the premises outside of his inclosure to the limits of his claim or assurance of title, and such constructive possession is superior to that which results merely from the ownership of the legal title, and is sufficient to put in operation the statutes of limitation to the entire tract. *West* v. *Lanier,* 9 Humph., 771, 772; *Rutherford* v. *Franklin's Lessee,* 1 Swan, 324; *Brown* v. *Johnson,* 1 Humph., 264.

It is therefore evident that the actual possession of the defendant was confined to his inclosure, and his pos-

session of the remainder of the tract was only construc-
tive.  The character of constructive possession, con-
nected as it always is closely with actual possession, and
generally actual occupation of some part of the land, is
clearly within the policy of the statute against cham-
pertous sales, and will render a conveyance of land so
held null and void.  *Pickens* v. *Delozier*, 2 Humph., 400;
*Mitchell* v. *Churchman's Lessee*, 4 Humph., 218.

If the defendant had been a mere trespasser, the con-
veyance would have been void only to the extent of his
actual possession; but he was in possession under an as-
surance of title of part, claiming to defined boundaries
covering the whole tract.  *Dyche* v. *Gass' Lessee*, 3
Yerg., 397.

We are therefore of opinion that the deed to J. S.
Ricker was wholly void, and presents no obstacle to a re-
covery by complainant.  The decree of the court of
chancery appeals is affirmed, with costs.