WILLIAM F. WRIGHT *et ux. v.* J. J. JOHNSON.

(*Nashville.* December Term, 1923.)

LIMITATION OF ACTIONS. Action for deficiency in acreage held barred by six and ten year statutes.

Where failure for more than ten years after purchaser went into possession to discover deficiency in acreage in land purchased was not due to any act of vendor, suit to recover deficiency was barred by six and ten year statutes. Shannon's Code, sections 4472, 4473.

Cases cited and distinguished: Woodfolk v. Marley, 98 Tenn., 467; Haynie v. Hall's Ex'r, 24 Tenn., 290; Shelby's Heirs v. Shelby, 3 Tenn., 183.

Code cited and distinguished: Secs. 4472, 4473 (S.).

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JAS. B. NEWMAN, Judge.

CAMPBELL & CAMPBELL, for appellants.

BASS, BERRY & SIMS, for appellee

MR. JUSTICE HALL delivered the opinion of the Court.

The bill in this cause was filed by complainants, William F. Wright and wife, seeking to recover of the defendant for an alleged deficiency in the acreage of a tract of land purchased by them of defendant August 12, 1912.

Complainants took possession of said tract of land under their deed January 1, 1913, and have remained in possession of the same ever since.

The deed described the property as "containing 175 acres, be the same more or less, and being the same land conveyed to me by E. J. T. Fields."

The consideration paid by complainants for said tract of land was the sum of $5,250, for which they executed their note to the defendant, and in the face of the note it appears that it was given "in payment for a tract of 175 acres of land in second district," etc.

After complainants had been in possession of said tract of land for more than ten years under the deed executed to them by defendant, they had a survey made of the tract, and the result of this survey showed that it contained only 133 acres instead of 175; the deficiency being 42 acres. This deficiency was discovered and ascertained in November, 1922. The present bill was filed March 3, 1923. The predicate of the bill is that there was a mutual mistake of the parties as to the number of acres contained in the tract, which amounted to a fraud in law. On this point the bill contains the following allegation:

"Complainants do not charge that the defendant wilfully misrepresented to them the quantity of land in the aforesaid tract, nor do they charge that he committed any intentional fraud upon them. Complainants, however, are advised, believe, and charge that the acts of the defendant constitute a fraud in law, that there was and has been until the last few months a mutual mistake of fact on the part of both complainants and defendant as to the number of acres contained in said farm."

The defendant demurred to the bill upon three grounds:

(1)  That complainants' cause of action was barred by the statute of limitations of six years.

(2)  And by the statute of limitations of ten years.

(3)  That their cause of action was barred by laches.

The chancellor sustained the third ground of the demurrer, and dismissed complainants' bill. From this decree they have appealed and assign the action of the chancellor for error.

Complainants do not allege in their bill actual fraud upon the part of the defendant, nor do they allege that the deficiency in the acreage of said tract of land was concealed from them by any act of the defendant. As before stated, the bill shows that complainants went into possession of the land January 1, 1913, and have remained in possession ever since, and the present action was not brought until March 3, 1923.

"Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors, and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for, within six years after the cause of action accrued." Shannon's Ann. Code, section 4472.

"Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other State or government, and all other cases not expressly provided for, within ten years after the cause of action accrued." Shannon's Ann. Code, section 4473.

We think complainants' action was clearly barred by the statute of limitations, and the demurrer was therefore well taken.   We think the case of *Woodfolk* v. *Marley,* 98 Tenn., 467, 40 S. W., 479, is controlling.   In that case an ancestor of complainant executed a deed to the defendant, and at the same time executed a secret defeasance to the grantor, in which he admitted that he held the title to certain lands conveyed in the interest of and for his vendor, subject to some small compensation which Marley was to have for managing and selling said lands. The bill further alleged that in 1881 the original grantor died, the equitable owner of said property, leaving surviving him the complainant and a younger brother and sister, and that soon thereafter the defendant, Marley, and complainant entered into an agreement that they would buy out the undivided interest therein of this young brother and sister of complainant, and they did do so; that when the purchase was made the deeds of these vendors for their one-third each were made to defendant, Marley.   The consideration paid these vendors for their interests was about $1,800 each, or $3,600 for the whole. The transaction was completed in 1884, the result of which was that complainant became the owner of a two-thirds interest in the property and Marley of the other one-third. Complainant further alleged in his bill that in 1888 Marley came to his home in Maury county, in this State, and represented that said lands were not worth more than $4,500, proposed to pay complainant $3,000 for his interest in them, and that complainant, knowing nothing of their value, and relying altogether on what Marley stated, accepted his proposition and executed a deed for his undivided interest to him.   The bill alleged that com-

plainant had never seen all of the lands, and that in 1893, for the first time, complainant learned that his two-thirds interest in said lands was worth, at the time of the deed in 1888, the sum of $50,000, and that the real value of said lands was purposely and designedly concealed from and fraudulently misrepresented to complainant by Marley in order that he might make his purchase at a grossly inadequate price. Upon these averments a rescission was asked.

To this bill a demurrer was filed, setting forth several grounds, and among them laches, the statute of limitations of seven years, and a failure to charge such fraudulent concealment of the cause of action as will prevent the statutory bar. The demurrer was sustained on the grounds indicated above, and the bill was dismissed. On appeal, the decree of the chancellor was affirmed. This court, speaking through Mr. Justice BEARD, said:

"The statute of limitations was equally fatal to complainant's claim. The bill shows a possession by Marley, under his purchase from complainant, for a period longer than seven years prior to the institution of these proceedings. This is sufficient to bar recovery, unless it be that, by some device of defendant, complainant's cause of action was fraudulently concealed from him. The misrepresentation, which is the gravamen of this bill, was as to the value of the property; but the fraudulent conduct of defendant, by which his purchase was effectuated, is, of itself, no impediment to the running of the statute. It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result.

"In the case at bar, no suggestion is made of any method adopted by defendant by which he succeeded in concealing the true value of the lands from 1888 to 1893. No act of his which tended to prevent, during this period, complainant from ascertaining for himself whether he had been imposed on in this matter, is averred in the bill. It it apparent that the value of this property was a fact which could neither conceal itself, nor was it capable of concealment, as against any degree of diligence on the part of complainant. He lived in the county of Maury, while the lands in controversy lie in the western part of the State, easily accessible to him, and no reason is given why he did not, or could not at an earlier day, inform himself of the fraud of which he now complains.

"Independent of other objections, a bill so lacking in essential averments cannot be maintained. While we do not understand the authorities to go to the extent of holding that, to stop the statute of limitations, concealment must exist in the sense of the fraudulent party having used positive or affirmative means to cover his acts, or that a special duty of discovery growing out of some trust relation is a condition precedent, they do agree to the proposition that the defrauded party must not be guilty of laches in ascertaining the fraud complained of, and that he was not only not informed of it, but could not have been by his exercise of reasonable diligence. In other words, in claiming exemption from the operation of the statute, he must aver and show that his continued ignorance of the fraud was without fault or negligence on his part."

In *Haynie* v. *Hall's Ex'r*, 5 Humph., 290, 42 Am. Dec., 427, this court said:

"It is argued that the cause of action in this case was not known to the complainants, and was concealed by the defendant's testator by fraud. But of this allegation there is no evidence. The mere fact that Jesse Haynie did not disclose to his children all the facts in relation to their grandfather's will, and his own reception of money from the estate, does not constitute fraud. The will was of record in North Carolina, and they knew that they had rights growing out of the provisions of that will. Their father could not conceal from them a knowledge of their rights, if they had chosen to investigate them."

In the case of *Shelby's Heirs* v. *Shelby,* Cooke, 183, 5 Am. Dec., 686, the court said:

"In general, the cases of fraud are as much within the statute of limitations as any other. This, however, admits of an exception, as where a fraud has been secretly practiced, there the statute will not be a bar; but it is necessary, in such case, to aver in the bill that the fraud was not discovered within three years before instituting of the suit—and the complainant must show, at least from circumstances, that he could not well be supposed to have known that he was defrauded at an earlier period; otherwise, this part of his bill will be considered as unsupported. For it is not conceived that because the complainant may think proper to state in his bill he has only discovered the fraud within three years, that the defendant will thereby be precluded from relying on the statute. . . . The cases produced by the complainants' counsel show, that in general the statute of limitations applies to cases originating in fraud as well as any other. There is no exception in the statute, covering cases of this kind;

Wright v. Johnson.

and there is no possible reason why the statute should not operate, except it be in the case of secret frauds above mentioned."

It appears from the allegations of the bill in the instant cause that complainants went over the land purchased from defendant before the sale was consummated, and soon after their purchase went into possession of it, remaining in possession for more than ten years before the present action was brought, and had ample opportunity to become familiar with it and its boundaries, and was in a position, by the exercise of reasonable diligence, to have discovered the shortage in acreage. In no part of the bill is it alleged that their failure to discover the deficiency in acreage earlier was due to any act of defendant.

The decree of the chancellor is affirmed, with costs.