KITCHEN-MILLER CO. *v.* KERN *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed March 10, 1936.

12

JENNINGS & O'NEIL, of Knoxville, and C. A. TEMPLE-
TON, of Jellico, for complainant.

FORREST ANDREWS, of Knoxville, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the
Court.

In consideration of the sum of $4,000 cash, Albert G.
Kern and others, on April 2, 1920, conveyed to Kitchen-
Miller Company, by their general warranty deed, all the
standing timber on certain described land in Campbell
county, Tenn., and a one-half undivided interest in the
land itself.

Kitchen-Miller Company, on the delivery of said deed
to it, and relying on the same, at once went on said land
and began cutting and logging timber. Thereafter, on
June 16, 1920, Francis Le Moyne and William McIlvaine
brought an ejectment suit against Kitchen-Miller Com-
pany, asserting title and right of possession to said land,
and sought the removal of the deed of April 2, 1920, as
a cloud on their title, and an injunction restraining the
Kitchen-Miller Company from entering on the land or
interfering with their possession and title.

Kitchen-Miller Company gave its grantors, the Kerns,
written notice of the ejectment and injunction suit
brought against it, and called upon them to defend the
same and make good their warranty. In response to
this notice, the Kerns did employ a firm of lawyers to
assist in the defense of the suit, but, in the year 1924,
these lawyers withdrew from the cause for the reason
that the Kerns declined to further participate in the de-
fense of the action. The Kitchen-Miller Company, how-

ever, continued to defend the suit, in the face of much difficulty, and sought diligently, by proof, to establish its title and possessory rights.

On March 30, 1931, the chancellor granted Le Moyne and McIlvaine the relief sought by them and decreed the legal title to the land described in the bill to be in them, and the said deed of April 2, 1920, and the title supporting the same, constituted a cloud on their title, and removed the same. Said decree perpetuated the injunction theretofore granted; the court finding, among other things, that, at the time of the execution and delivery of the deed of April 2, 1920, the said Le Moyne and McIlvaine had been and were in the open adverse possession of two small tracts, one of a quarter of an acre and the other of one acre, under color of title as to all of said land and embraced within the boundaries of the land conveyed by the deed of April 2, 1920, and that the possession of said two small tracts of land in question was held by Le Moyne and McIlvaine adversely for more than seven years prior to the execution of said deed, and that such adverse possession extended by construction to the entire boundaries of land claimed and held by them under color of title, and operated in law to extinguish the color of title held by the Kerns. From this decree Kitchen-Miller Company prosecuted its appeal to the Court of Appeals, which court, on May 23, 1933, affirmed the decree of the chancellor. Thereafter, on January 4, 1934, the Kitchen-Miller Company filed the bill herein against its grantors, the Kerns, to recover the purchase price paid for the land and timber, on the ground that it had been evicted from the land and deprived of the lawful use and enjoyment of the same, and said grantors

had failed to forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

Defendants answered and denied that complainant was entitled to recover from them the consideration paid for said land. They admitted that, at the time they executed their deed to complainant, Francis Le Moyne and William McIlvaine were in adverse possession of said land, but averred that the land was located in a secluded mountainous section of Campbell county, and that they, at the time of the execution of said deed, believed that they had title and seizin of said land, and that they had no fraudulent intent whatsoever in the sale of the land to complainant. They specially pleaded the six-year statute of limitations (Code 1932, sec. 8600) as a bar to complainant's action.

The cause was heard upon a written stipulation of facts. From a decree awarding complainant a recovery in the sum of $4,000, being the amount of consideration paid to defendants by complainant on April 2, 1920, together with interest thereon from said date, making a total of $8,057.87, defendants have appealed to this court and assigned errors.

The questions made by the seven assignments of error can be said to be these: (1) Were the warranties embraced in the deed from defendants breached, if at all, the day the deed was delivered? (2) Was the deed champertous so that no suit could be maintained upon the covenants of the deed? (3) Was complainant's action for the recovery of the purchase price barred by the statute of limitations of six years?

The covenants contained in the deed of April 2, 1920, were broken when made; the land being at that time in the adverse possession of Le Moyne and Mc-

Ilvaine under a superior title. *Miller* v. *Bentley,* 37 Tenn. (5 Sneed), 671, 675; *Randolph* v. *Meek,* 8 Tenn. (Mart. & Y.), 58; *Pigeon River Lumber & Iron Co.* v. *Mims* (Tenn. Ch. App.), 48 S. W., 385; 7 R. C. L., sec. 66, p. 1153; 15 C. J., sec. 162, p. 1290; Rawle on Covenants (4th Ed.), p. 151.

The land described in the deed of April 2, 1920, being, at the time of its execution, in the adverse possession of Le Moyne and McIlvaine, rendered the deed champertous and void. Acts 1821, ch. 66, sec. 1, Code, sec. 7823; *Whitesides* v. *Martin,* 15 Tenn. (7 Yerg.), 384, 397; *Kincaid* v. *Meadows,* 40 Tenn. (3 Head), 188; *Fain* v. *Headerick,* 44 Tenn. (4 Cold.), 327; *Fowler* v. *Nixon,* 54 Tenn. (7 Heisk.), 719. Such sale was void for all purposes. In *Green* v. *Cumberland Coal & Coke Co.,* 110 Tenn., 35, 38, 72 S. W., 459, 460, the court said: "A conveyance of lands adversely held is a nullity, and may be so treated by both parties and strangers. The title to the lands conveyed remains in the conveyor, and the vendee cannot maintain an action for breach of the covenants in the conveyance." In *Williams* v. *Hogan,* 19 Tenn. (Meigs), 187, it was held that a sale by one out of possession, of lands adversely holden, was void for all purposes, and that the vendee could not maintain an action on the covenant of warranty in the vendor's deed. In *Waters* v. *Hutton,* 85 Tenn., 109, 111, 1 S. W., 787, 788, referring to the above holding in *Williams* v. *Hogan,* the court said: "This construction of this statute has been maintained as settling all questions as to the right of such a vendee upon his covenants at law." The fact that the sale was fair and *bona fide* does not change the rule. *Gass* v. *Malony,* 20 Tenn. (1 Humph.), 452; *Bleidorn* v.

16

*Pilot Mountain C. & M. Co.,* 89 Tenn., 166, 204, 15 S. W., 737.

■ The fact that the deed of April 2, 1920, was champertous appears from the face of the bill and from the facts stipulated. It is insisted by complainant that defendants cannot be heard to say that their deed was champertous. This principle applies where the vendor in a deed seeks in a court of conscience some affirmative relief by reason of its champertous nature. *Ruffin* v. *Johnson,* 52 Tenn. (5 Heisk.), 604; *Ferguson* v. *Prince,* 136 Tenn., 543, 190 S. W., 548.

■ ■ Complainant, under the law as it exists in this state, was without right of action on the covenant of warranty contained in the champertous and void deed. Nevertheless, having received nothing for the consideration paid, it could, in equity, maintain a suit against the vendors in the deed for the recovery of the purchase price paid for the timber and land, if it had no knowledge of the adverse possession of the land at the time it took the deed. *Williams* v. *Burg,* 77 Tenn. (9 Lea), 455; *Waters* v. *Hutton,* 85 Tenn., 109, 111, 1 S. W., 787; *Rich* v. *Scales,* 116 Tenn., 57, 66, 91 S. W. 50. It is stipulated in the cause that neither the vendor nor vendee in said deed knew of the aforesaid adverse possession of the land at the time, or prior, to the execution of the deed.

Defendants insist that complainant's cause of action for the recovery of the purchase price paid by it for the timber and land is barred by the six-year statute of limitations. Whether complainant's action is so barred or not depends, of course, on when the statute commenced to run. Complainant was informed on June 16, 1920, by the ejectment and injunction bill filed against it by Le Moyne and McIlvaine that the land described in its

deed was in their adverse possession. As to the quarter-acre and one-acre tracts, the court in said suit adjudged that these tracts were at the time of the delivery of the deed of April 2, 1920, in the open adverse possession of Le Moyne and McIlvaine, under color of title to the whole boundary.

It does not require any length of adverse possession to make a sale and conveyance of land so possessed by another champertous. *Kincaid* v. *Meadows, supra; Green* v. *Cumberland Coal & Coke Co., supra.* The open adverse possession of the two small tracts, inclosed within the borders of the deed, under color of title, extended, by construction, such adverse possession to the whole tract, and rendered the deed void as to the whole tract. *Green* v. *Cumberland Coal & Coke Co., supra.* The fact that complainant elected to contest the suit of Le Moyne and McIlvaine could not change or alter the fact that the deed was champertous and void when made, or be held to extend the time within which action for the recovery of the purchase price must have been brought.

Complainant contends that it was ignorant of the adverse possession and title of Le Moyne and McIlvaine. The weight of authority is that ignorance will not, unless induced by fraudulent representation and concealment, prevent the running of the statute of limitations. 37 C. J., sec. 350, ''Limitations of Actions.''

It is complained that it would be a great hardship to deny relief in this cause. The courts, however, are powerless to add to or subtract from the provisions of the statute of limitations. Complainant permitted the litigation with Le Moyne and McIlvaine to be protracted over a period of thirteen years, or at least

suffered such delay. In the meantime some of the covenantors died.

After a careful consideration of the questions made on this appeal, we are of the opinion that the decree of the chancellor must be reversed, and the suit dismissed. Defendants will pay the costs of the cause.