PACE et al. v. WATSON.—126 S. W. (2d) 404.

Western Section.    October 7, 1938.

Petition for Certiorari denied by Supreme Court, February 4, 1939.

Peeler & Peeler, of Camden, for complainants.
Frazier & Frazier, of Camden, for defendant.

SENTER, J.   The original bill in this cause was filed for the purpose of enforcing a vendor's lien retained in a deed conveying certain land to the defendant, W. L. Watson.   Said deed was dated December 28, 1925.

The bill alleges that after the deed was executed by W. P. Pace to Watson, Watson failed to have the deed recorded, and hence a definite description of the land so conveyed could only be had from the deed, and sought to have the defendant to register the deed in the Register's Office of Benton County.   However, the bill further alleges that the property was described in the bill according to the description of the same on the Tax Books.

The bill further alleges that the deferred payments were represented by three notes; one for the sum of $300, due January 1, 1927; one for the sum of $300, due January 1, 1928; and one for the sum of $200, due January 1, 1929; and that a lien was retained on the land to secure the payment of the said notes.   The bill alleges that the first note, due January 1, 1927, was paid, but the other two notes, together with the accrued interest thereon from August 1, 1930, remained unpaid.   Each of the said two notes recite that a lien is retained in the deed to secure the payment of the same.

It is alleged that the vendor, W. P. Pace, died on the 15th day of June, 1934, and that the complainant, Mrs. E. C. Pace, was duly appointed and qualified as the administratrix of the estate of W. P. Pace, and that the said notes here involved were taken over by her as a part of the assets of the estate of the said W. P. Pace, deceased; that in the division of the estate among the heirs of W. P. Pace the said two notes here involved fell to the complainant, Mrs. D. E. Herndon, the daughter of W. P. Pace, deceased.   The bill alleges that they are entitled to have the lien enforced, and the land sold and the proceeds applied to the said notes.

The defendant filed an answer and in his answer he denied that

Pace had conveyed to him the tract of land described in the bill, and further denied that he owed the notes sued on. He did not file for record the deed alleged in the original bill to have been executed by Pace to him. He admitted that Pace had conveyed to him certain lands by a warranty deed executed December 28, 1925, and that he executed his promissory notes for a part of the purchase price, but neither denied nor admitted that the notes copied in the original bill were correctly copied or that the dates are correctly set out, but demands strict proof on this. He admitted that he bought a tract of land but neither admitted nor denied that the land involved was the land which he acquired from the said W. P. Pace, and demanded strict proof as to what lands are herein involved. He denied that he owed the complainants the notes set out in the original bill or that he owed them any amount whatever and denied that a lien was retained in the original notes or deed, and denied that complainants were entitled to a lien or a foreclosure under a lien.

By way of answer he states that the said W. P. Pace did convey to him a certain tract of land, but the deed which he executed purported to convey one 90 acre tract when, as a matter of fact, said conveyance transferred only about 70 acres of land and that the description contained in the deed represented a rectangular tract of land, when in reality the tract of land which he came into possession of was a hexagon shape tract.

He further alleged that on numerous occasions prior to the death of W. P. Pace he reminded said W. P. Pace of the discrepancies and the said W. P. Pace had agreed to remedy the same but he never did; that the discrepancies as set out were so great as to shock the conscience and would constitute a breach of the warranties and covenants in the deed. He denied that complainants were entitled to any of the relief sought.

It appears that the original bill was filed in the cause on August 5, 1936, and the answer of the defendant was filed September 7, 1936. After all the evidence had been taken, the defendant, on May 19, 1937, filed a cross-bill in the cause and by which, after first setting forth a brief statement of the cause of action as. set forth in the original bill and the allegations contained in his answer to the original bill, he alleged in substance as follows: That the tract of land which he purchased from Pace consisted of what was originally two tracts of land, one containing 60 acres and the other about 36 acres. He alleged that said deed from Pace to him purported to convey a rectangular tract of land 50 rods wide and 200 rods long, but that when cross complainant came into possession of the land and had owned it for sometime he learned that about ten or twelve acres of the land contained in the deed was claimed by one Elvis Odom, and that the said Elvis Odom had been in possession of said land for more than seven years, openly and adversely. He further alleged that the ten

or twelve acres was the best quality of land on the farm and was a great inducement to him to buy the farm; that W. P. Pace represented to him before the deed was executed and before he bought said land "that said 10 or 12 acres belonged with the farm and that he executed a warranty deed to your complainant setting out by metes and bounds the two tracts of land hereinbefore mentioned, and said 10 or 12 acres discrepancy was included in the description of said warranty deed."

He further alleged in the cross-bill that the 10 or 12 acres at the time of the purchase was worth $30 per acre, and charges that W. P. Pace was guilty of breach of warranties and covenants, and that he, cross complainant, had a right of action against the said W. P. Pace and is entitled to a set-off or recoupment against Pace or the complainants in the original bill for the amount of the value of said discrepancy, the sum of $300. The cross-bill further alleges that on the 21st day of August, 1930, he paid W. P. Pace $50 on one of the notes sued on in the original bill; that on July 15, 1929, he paid $50 on said note, but that the note sued on failed to show these two credits, and alleged that he has the right to have these credits entered on said notes by a decree of the court. He further alleged that he does not owe the amount sued for in the original bill, but admits that he owes the amount of the notes, $500, less the credits mentioned above and a set-off or recoupment which amounts to $400, and states that he is ready and willing to pay into court the sum of $100, with interest thereon from August 1, 1930, and by the prayer of the cross-bill he seeks the affirmative relief set forth in the allegations of the cross-bill.

The cross defendants, the original complainants, filed an answer to the cross-bill, and in which they denied the alleged shortage, and denied the two alleged payments and also denied that cross complainant was entitled to any of the relief sought by the cross-bill. By their answer they specially plea the Statute of Limitations of six years as to the respective claims made by the cross-bill. Code 1932, sec. 8600.

At the hearing of the cause the chancellor sustained the original bill and decreed a judgment on the respective notes sued on in favor of complainants, with accrued interest thereon aggregating the sum of $735, and decreed that said sum was a lien on the lands involved and ordered a sale of the land by the Clerk & Master for the satisfaction of said judgment. The chancellor further decreed a dismissal of the cross-bill of cross complainant.

From this decree of the chancellor cross complainant has appealed to this court and has assigned errors.

The facts as found by the chancellor are set forth in the decree.

After a careful examination of the record, including all the evidence, we are of the opinion that the facts as found by the chancellor

are supported by the preponderance of the evidence. We are furthr of the opinion that the facts as found by the chancellor are determinative of the questions presented on this appeal. We therefore adopt the finding of facts as found by the chancellor as set forth in the decree, which are as follows:

"That on the 28th day of December, 1925, W. P. Pace, by warranty deed sold and conveyed to the defendant, W. L. Watson, two tracts of land adjoining and located and being in the Ninth Civil District of Benton County, Tennessee. (Here follows a description of the lands by metes and bounds.) That the said W. L. Watson executed three deferred purchase money notes payable to W. P. Pace dated December 28th, 1925, two for $300.00 each, due, January 1-1927 and 1928, and one for $300.00 due January 1-1929, with interest from date and retaining a lien upon said lands to secure the payment of said three deferred purchase money notes, the court so decrees.

"That the note due January 1, 1927, has been paid, but that the note for $300.00 due January 1-1928, and the $200.00 note due January 1-1929, have not been paid except the interest thereon to August 1, 1930.

"That there is due upon said two notes the principal and interest since August 1st, 1930, as follows:

"$300.00 principal and $141.00 interest, making $441.00 and $200.00 principal and $94.00 interest, making $294.00 or a total sum due on both notes of seven hundred thirty-five and no/100 ($735.00) dollars, and that said sum is a lien upon the two tracts of land hereinbefore described, under the express provision of the deed retaining a lien upon said land to secure the payment of said notes.

"That W. P. Pace died intestate on the 15th day of June, 1934, and that Mrs. E. C. Pace was by the County Court of Henry County, Tennessee, appointed, bonded and qualified and Letters of Administration were issued to her on the estate of W. P. Pace on the 23rd day of June, 1934.

"That in the division of the notes and other assets of the estate of W. P. Pace, deceased, said two W. L. Watson notes fell to complainant, Mrs. D. E. Herndon, and she is now the owner of said two notes and was the owner thereof at the time the bill in this cause was filed, having inherited the same from her father, the said W. P. Pace.

"That complainants are entitled to a sale of said two tracts of land hereinbefore described to enforce the lien retained thereon to secure the payment of said purchase money notes, amounting as aforesaid to the sum of $735.00 and the cost of this suit.

"That defendant, W. L. Watson, is not entitled by war of set-off or recoupment under his cross-bill for any alleged shortage in the land sold to him, nor for any payment made by him. That the alleged shortage existed at the time that he purchased said land, if there was any, and defendant and cross complainant brought no action against

W. P. Pace therefor during Pace's life, he having lived until June, 1934, after cross complainant went into possession of said land in January, 1926, and he having failed to take some action in reference thereto for more than eight years during W. P. Pace's life he is guilty of such laches as would estop him from recovery therefor.

"It is not shown that anyone else was in possession of the lands alleged to have been short or that cross complainant could not have gotten possession of the same or that he was dispossessed thereof.

"That cross complainant's right of action under the averments of his cross-bill is against the estate of W. P. Pace, deceased; that administration was granted upon his said estate by the County Court of Henry County on the 23rd day of June, 1934, and cross complainant's bill was not filed until the 19th day of May, 1937, more than eighteen months after said Administrator was appointed and that his right of action was barred under Section 8225 of the Code of Tennessee at the time his cross-bill was filed."

By the assignments of error certain questions are presented for decision on this appeal. The first assignment complains of the action of the court in decreeing a sale of the land set out and described in the decree. The contention of appellant on this question is that this action of the chancellor was error "since the land set out and described in the original bill is not the same as that set out and described in the decree and the original bill was never amended so as to cure this discrepancy."

We are of the opinion that this assignment cannot be sustained. The original bill did not undertake to give a description of the land conveyed by metes and bounds. It was alleged in the original bill that the deed had not been placed to record by the defendant, and hence the only description given would be by the boundaries as set forth on the Tax Books, and that description was given. The original bill prayed for the filing of the deed to the end that the description of the land would appear. The original deed was filed as an exhibit in the cause, and set forth the description by metes and bounds, as decreed by the chancellor. There was no conflict in the evidence whatever but that there was only one deed executed by Pace to Watson, and that was the deed exhibited by the defendant, Watson. In view of the allegations contained in the bill with respect to the description in the deed, we do not think that after the deed was filed that it became necessary or important that the bill be amended so as to set forth the description as contained in the deed.

It follows that the assignment of error presenting this question is overruled.

By the second assignment of error it is contended that the court erred in holding that it was not shown that anyone else was in possession of the ten acres included in the description. We deem this assignment unimportant and immaterial in view of the further finding

and holding by the chancellor with respect to the claim made for an abatement or credit for a set-off. This assignment is accordingly overruled.

By the third assignment of error it is contended that the chancellor erred in refusing to allow the credit of $100 for the money paid on the notes without receiving any credits therefor. This refers to the two $50 payments alleged to have been made by Watson to Pace and for which credit had not been entered on the note. We are of the opinion that the chancellor was correct in holding that the cause of action, if any, by cross complainant, Watson, was against the administratrix of the estate, and that no claim had been made to her that said notes were entitled to such credits until the filing of the cross-bill, which, was more than eighteen months subsequent to the appointment and qualifications of the administratrix. We are further of the opinion that there was no satisfactory competent evidence in the record that such payments were ever made. It results that this assignment is overruled.

The fourth and last assignment of error presents the question that cross complainant was entitled, under his cross-bill, to a set-off or recoupment for the value of the alleged shortage in the land sold him, and that the chancellor was in error in holding that cross complainant's claim therefor was barred by the Statute of Limitations and that cross complainant had been guilty of such laches as would bar his recovery.

We think there was no error in the holding of the chancellor with respect to a set-off or recoupment for the alleged shortage in the land. Cross complainant purchased this land and entered into possession thereof in 1925. Very soon thereafter he learned that Elvis Odom was claiming the ten acre portion of the land for which claim is now made. We think it is settled law in this state that if the cross complainant ever had a right of action against Pace or his estate for the value of the alleged ten acre shortage, that his cause of action accrued immediately upon the delivery and acceptance of the deed executed by Pace to him; that if the record sustained the contention made by cross complainant with respect to th ten acres, that is, that the land was actually in possession of the Elvis Odom and had been for many years at the time the conveyance was made, then the covenant of seizin contained in the deed was broken immediately upon the delivery and acceptance of the deed. In the case of Curtis v. Brannon, 98 Tenn., 153, 38 S. W., 1073, 69 L. R. A., 760, in the fourth headnote is the following statement:

"A covenant of seizin is an assurance to the vendee that the vendor has the very estate, in quantity and quality, which his deed purports to convey. It is a personal covenant in presenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction."

In the case of Woodfolk v. Marley, 98 Tenn., 467, 40 S. W., 479, 480, the court said:

"The statute of limitations was equally fatal to complainant's claim. The bill shows a possession by Marley, under his purchase from complainant, for a period longer than seven years prior to the institution of these proceedings. This is sufficient to bar recovery, unless it be that, by some device of defendant complainant's cause of action was fraudulently concealed from him."

In the case of Wright v. Johnson, 149 Tenn., 647, 261 S. W., 662, the court there had under consideration a suit seeking to recover of the defendant for an alleged deficiency in the acreage of a tract of land purchased from the defendants. It appeared that the land was purchased on August 12, 1912; that complainant took possession of said tract of land under the deed on January 1, 1913, and remained in possession until the bill was filed, March 3, 1923, in which it was alleged that the deficiency was discovered and ascertained in November, 1922. In disposing of the question the court said:

"The defendant demurred to the bill upon three grounds: (1) That complainants' cause of action was barred by the statute of limitations of six years. (2) And by the statute of limitations of ten years. (3) That their cause of action was barred by laches. The chancellor sustained the third ground of the demurrer, and dismissed complainants' bill. From this decree they have appealed and assigned the action of the chancellor for error.

"Complainants do not alleged in their bill actual fraud upon the part of the defendant, nor do they allege that the deficiency in the acreage of said tract of land was concealed from them by any act of the defendant. As before stated, the bill shows that complainants went into possession of the land January 1, 1913, and have remained in possession ever since, and the present action was not brought until March 3, 1923."

After referring to the Tennessee statutes on the subject of limitations to actions, etc., the court proceeded as follows:

"We think complainants' action was clearly barred by the statute of limitations, and the demurrer was therefore well taken. We think the case of Woodfolk v. Marley, 98 Tenn., 467, 40 S. W., 479, is controlling."

In the recent case of Kitchen-Miller Co. v. Kern, 170 Tenn., 10, 91 S. W. (2d), 291, we quote from the first and eleventh headnotes as follows:

"1. Where land was in adverse possession of third parties under superior title, covenant of general warranty by grantors was broken when deed was executed, as regards date when statute of limitations began running against grantee's right of action."

"11. Suit to recover purchase price of land conveyed by champertous and void deed held barred by six years' statute of limitation,

notwithstanding grantee had litigated for more than thirteen years title with parties who were in adverse possession when property was conveyed (Code 1932, secs. 7823, 8600).''

Appellant, in his brief, cites and relies upon the case of Lewis v. Turnley, 97 Tenn., 197, 36 S. W., 872. In the second headnote to that case it is said:

''A set-off evolved from the consideration of the original contract, upon which the action is based, is not barred by the statute of limitations, where the statutory period had not expired when the original bill was filed, although it had expired before the set-off was pleaded.''

In the body of the opinion in that case it is said:

''The rule may be said to be that, if a defendant pleads a set-off, the plaintiff may [rely on] the statute; but a set-off is available as a simultaneous cross action would be, and, if it is to be barred at all, must be barred at the time of the commencement of the action.''

As we construe that case, it, in reality, supports the decree of the chancellor on this subject.

Without further elaboration, we are of the opinion that all assignments of error must be overruled and the decree of the chancellor accordingly affirmed. The cause will be remanded to the Chancery Court of Benton County, Tennessee, to be further proceeded with under the decree of sale.

The cost of this appeal will be paid by appellant and sureties on the appeal bond.

Anderson and Ketchum, JJ., concur.