**A. T. THOMPSON and wife, Essie R. Thompson, Appellees,**

v.

**E. Leon THOMAS and wife, Pauline Thomas, Appellants.**

Court of Appeals of Tennessee, Eastern Section.

March 13, 1973.

Certiorari Denied by Supreme Court Aug. 4, 1973.

O. W. McKenzie, Dayton, for appellants.

H. M. Gregory, Athens, J. D. Culvahouse, Decatur, for appellees.

## OPINION

PARROTT, Judge.

In this chancery cause complainants, A. T. Thompson and wife, Essie R. Thompson, seek to collect from defendants, E. Leon Thomas and wife, Pauline Thomas, $3,150.00 allegedly due on a note given to complainants by defendants for money owed on the purchase of a farm.

Defendants filed an answer denying the indebtedness and a cross bill averring an overpayment of $200.00 and breach of warranty and seisin. The breach of warranty is predicated on the averment that complainants gave defendants a warranty deed free and clear of all incumbrances when in fact a portion of the property is subject to a Tennessee Valley Authority easement permitting flooding and entry on the land for malaria control.

After a trial on oral testimony, the chancellor entered judgments in favor of the complainants for $3,150.00 and dismissed defendants' cross bill on the ground the Tennessee Valley Authority easement involved covenant of warranty which required an eviction before an action could be maintained.

Defendants have appealed from the decree insisting the evidence preponderates against the chancellor's finding a balance due on the notes and insisting it was error to require an eviction before allowing damages on the breach of covenants.

On December 16, 1967, complainants conveyed to the defendants by warranty deed, free and clear of all encumbrances, a farm consisting of two tracts and, according to the deed, containing 249 acres more or less. The purchase price of the farm was $35,000.00 with the defendants making a cash down payment of $11,666.66 and the balance secured by a trust deed and three notes, each in the amount of $7,777.78 payable in one, two and three years after date with 6% interest.

It is undisputed and admitted by all parties that notes 1 and 3 have been paid in full. The dispute is whether or not defendants owe a $3,150.00 balance on note 2.

In the fall of 1970, before the third note was to become due on December 14th of that year, defendants arranged to secure a loan from the Federal Land Bank to pay the balance due on the transaction. On December 14, 1970, both plaintiffs and defendants met in the Register of Deeds' office in Meigs County with H. C. Pickens, an agent for the Federal Land Bank. During this meeting the defendant, E. Leon Thomas, delivered to plaintiffs a check in the amount of $3,150.00. With the proceeds from the Federal Land Bank loan defendants paid note No. 3. Complainants then executed a marginal release of the deed of trust securing the three notes. During this same meeting the deed of trust executed by defendants to secure the Federal Land Bank was recorded.

Under date of December 14, the same day the check was given, the marginal re-

lease executed, and the Federal Land Bank trust deed recorded, defendant, E. Leon Thomas, wrote Mr. Thompson a letter advising him that after checking his records further, the purchase price had been overpaid and he was stopping payment on the $3150.00 check given to the complainants. This letter also advised the complainant that a survey shows a shortage of acreage and a title insurance policy reveals the Tennessee Valley Authority has an easement for approximately 20 acres.

■ ■ As for the $3,150.00 judgment entered in favor of complainants and against the defendants, we find ourselves unable to say the evidence preponderates against the chancellor's finding and decree. This being a nonjury case tried on oral testimony below, the judgment is accompanied by a statutory presumption of correctness with the burden upon appellant to show that the evidence preponderates against the judgment. If the appellant fails to carry the burden of overcoming the presumption, we must affirm. T.C.A. 27–303. Morrell v. Republic Fire Ins. Co., 168 Tenn. 137, 76 S.W.2d 317; Capital City Bank v. Baker, 59 Tenn.App. 477, 442 S.W.2d 259. Thus the defendants-appellants' assignment of error directed to the payment of notes is overruled.

Turning now to the alleged breach of covenants, the undisputed proof shows the plaintiffs' conveyance to defendants was a warranty deed which recites the complainants "are lawfully seized and possessed of said land in Fee Simple; have a good right to convey it; and the same is unincumbered."

Further, it is undisputed that complainants predecessors in title, in December 1938, conveyed to the Tennessee Valley Authority the right, privilege and easement to occasionally and temporarily overflow, flood and cover approximately 20.7 acres. This conveyance also grants to Tennessee Valley Authority the right to do certain clearance and drainage work on the prop-

erty in order to control the reproduction of mosquitoes.

■ We recognize that it is established law that if the purchaser has not been evicted, in the absence of fraud or insolvency, he can have no remedy for a breach of warranty. Stipe v. Stipe, 39 Tenn. 169; McWhirter v. Swaffer, 65 Tenn. 342; Morrow v. Baird, 114 Tenn. 552, 86 S.W. 1079.

■ However, the rule is different as to a covenant of seisin. A covenant of seisin is an assurance to the purchaser that the seller has the very estate, in quantity and quality, which the deed purports to convey, it is a personal covenant praesenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction. Pace v. Watson, 23 Tenn.App. 92, 126 S.W.2d 404; Kenney v. Norton, 57 Tenn. 384, 10 Heisk. 384; Howell v. Martin, 8 Tenn.Civ.App. 520; Robinson v. Bierce, 102 Tenn. 428, 52 S.W. 992; Miller v. Bentley, 37 Tenn. 671, 5 Sneed 671; Amos v. Carson, 186 Tenn. 393, 210 S.W.2d 677; Murdock Acceptance Corp. v. Aaron, 190 Tenn. 416, 230 S.W.2d 401.

In Rich v. Scales, 116 Tenn. 57, 91 S.W. 50, involving the shortage of front footage on a city lot, the Supreme Court said if "a portion of the land embraced in the boundaries of the deed is held by a better title, relief may be had, as of course, upon the covenant of seisin." See also Rhodes v. Johnson, 32 Tenn.App. 127, 222 S.W.2d 38.

Likewise, our courts have allowed recovery without eviction for the existence of a railroad right of way and private roadways. Schwartz v. Black, 131 Tenn. 360, 174 S.W. 1146; Perry v. Williamson, Tenn.Chan.App., 47 S.W. 189.

■ Generally, encumbrances which affect or relate to the actual physical condition upon the realty come within the purview of covenants of seisin. We believe

that rights, privileges and easement owned by the Tennessee Valley Authority in these lands are a burden upon the estate granted and diminished the full measure of its enjoyment so as to be an encumbrance on the land.

Further, we are of the opinion the complainants' failure to set out this encumbrance in their conveyance to the defendants constitutes a breach of the covenant of seisin and against encumbrances.

Therefore, we sustain appellants' second assignment and hold the chancellor was in error by decreeing that an eviction was required before pursuing the action set out in his cross-bill.

Since the chancellor's finding on the question of law did not enable him to reach or consider the question of damages and the proof in this record on the subject of damages is meager and in this court's opinion, insufficient, we remand the cause to give the chancellor the opportunity to consider the question of damages. See T. C.A. 27–326, 27–329; Grider v. Harbison, 46 Tenn. 208; Stokely v. Southern Railway Co., 57 Tenn.App. 271, 418 S.W.2d 255.

It results the judgment of $3,150.00 against the defendants Thomases and in favor of plaintiffs Thompsons is affirmed.

As for the question of damages, the cause is remanded for further proceedings not inconsistent with this opinion including the introduction of evidence if such is deemed necessary by the chancellor on the question of damages.

Let the costs incident to this appeal be divided equally between the complainants and defendants.

COOPER, P. J. (E.S.), and SANDERS, J., concur.