### Clay C. WHITELAW, et al.

v.

### James BROOKS, et al.

Court of Appeals of Tennessee, at Jackson.

Sept. 17, 2003 Session.

Dec. 31, 2003.

Application for Permission to Appeal Denied by Supreme Court June 21, 2004.

David A. Riddick, Jackson, TN, for Appellant.

William H. Lassiter, Jr., Nashville, TN, for Appellee.

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

## OPINION

This case involves a claim for surveyor negligence in which a property owner seeks recovery of damages in the form of attorney's fees from a previous quiet title action and the lost opportunity to sell a portion of the land for a value higher than the market value. The trial court awarded the plaintiff property owner both types of damages and we affirm.

### Facts and Procedural History

Plaintiff, Clay Whitelaw ("Plaintiff" or "Whitelaw"), originally owned a 211-acre tract of land located in Haywood County, Tennessee. In January 1996, Whitelaw sold a 60-acre portion of this tract to Ketina Brooks ("Brooks"). The deed transferring this 60-acre tract was recorded in the Register of Deeds office for Haywood County that same month. James Brooks, acting as Ketina Brooks' attorney-in-fact, hired David Hall ("Defendant" or "Hall") to survey the land for the purpose of dividing the tract and selling the lots. Hall, in derogation of the rules promulgated by the Tennessee State Board of Examiners for Land Surveyors,[1] failed to create his survey using the latest recorded deed to the property and instead utilized a tax map provided by the Tax Assessor's office. Hall's survey resulted in an encroachment on Whitelaw's remaining parcel of land.

Brooks sold the divided lots of the 60-acre tract, which were based on the survey performed by Hall. As a result, some of these lots sold encroached upon Whitelaw's remaining tract of land. Whitelaw did not learn of this encroachment until he attempted to sell approximately 141 acres to Terry Hooper ("Hooper"). Hooper was prepared to buy this 141-acre tract for $150,000, however, when Hooper and Whitelaw had the land surveyed, the encroachment problems were discovered, and Hooper declined to purchase the 141-acre tract. Eventually, Hooper did agree to purchase approximately 130 acres of the tract for $140,000, omitting the portion encroached upon[2] and surrounding the encroachment.[3] The remaining 9.51 acres Whitelaw could not sell to Hooper was found to hold a value of $4,755 given that the land was covered in trees, gullies and ditches.

Plaintiff filed the present action against Brooks, several landowners who bought tracts from Brooks, and Hall individually and doing business as David Hall Land Surveying Co., Inc.[4] All claims against Brooks and the other landowners were settled before trial.[5] Whitelaw's remain-

---

1. Specifically, Tenn. Comp. R. & Regs. 0820–3–.07(1)(f) states that "[t]he survey shall be made using the latest recorded deed to the property...."

2. Hall's survey encroached on 4.7931 acres of Whitelaw's land from four of Brooks' subdivided lots on the 60-acre tract.

3. The portion of the 141.88 acres Whitelaw could not sell to Hooper totaled 9.51 acres.

This includes the 4.7931 acres encroached upon as well as the surrounding acres.

4. David Hall and David Hall Land Surveying Co., Inc. shall be collectively referred to as "Hall" or "Defendant."

5. The landowners who purchased tracts that encroached upon Whitelaw's land executed quitclaim deeds to clear up Whitelaw's title.

ing claim of negligence against Hall proceeded to trial on February 5, 2002, in the Chancery Court of Haywood County. The trial court, sitting without a jury, awarded Plaintiff the attorney's fees he incurred from clearing up the title to his land in the amount of $12,507.95 and the value of the lost opportunity for the sale of the 9.51 acres as a result of the encroachment in the amount of $5,245. Defendant Hall appealed and presented the following issues for our review:

I. Whether the trial court erred by awarding Plaintiff his past attorney's fees as damages; and

II. Whether the trial court correctly awarded the Plaintiff damages for loss of an economic opportunity from the sale of a portion of the subject property.

For the following reasons, we affirm the decision of the trial court.

### Standard of Review

▮ When a trial court sits without a jury, this Court's review of its findings of fact is de novo upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. Civ. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993) (citing *Tenn–Tex Props. v. Brownell–Electro, Inc.*, 778 S.W.2d 423, 425 (Tenn.1989)). When the question is one of law, this Court's review is de novo upon the record without a presumption of correctness. *Union Carbide Corp.*, 854 S.W.2d at 91.

### Law and Analysis

▮ This Court has supported the notion that a "surveyor ... may be held responsible for such damages as are sustained due to his negligence and lack of skill." *Dickinson v. Bain*, No. 03A01–

Additionally, Brooks and Whitelaw entered

9105CH00163, 1991 WL 169184, at *4 (Tenn.Ct.App. Sept. 5, 1991). We also note that "[i]n Tennessee, the owner of real property is competent to state facts about the property and give his opinion as to that property's value. He does not have to be qualified as an expert." *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 234 (Tenn.Ct.App.1976) (citing *Wray v. Knoxville La Follette & Jellico R.R. Co.*, 113 Tenn. 544, 82 S.W. 471 (1904); *Union Joint Stock Land Bank v. Knox County*, 20 Tenn.App. 273, 97 S.W.2d 842 (1936)).

▮ In addition, Tennessee follows the "American Rule" that "in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation." *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979) (citing *Deyerle v. Wright Mfg. Co.*, 496 F.2d 45 (6th Cir.1974); *Carter v. Va. Sur. Co.*, 187 Tenn. 595, 216 S.W.2d 324 (1948); *Raskind v. Raskind*, 45 Tenn.App. 583, 325 S.W.2d 617 (1959); *Gillespie v. Fed. Compress & Warehouse Co.*, 37 Tenn. App. 476, 265 S.W.2d 21 (1953)). However, as the Tennessee Supreme Court recognized in *Pullman Standard, Inc. v. ABEX Corp.*:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

693 S.W.2d 336, 340 (Tenn.1985) (quoting Restatement (Second) of Torts, § 914(2) (1979)). *See also* 25 C.J.S. *Damages* § 79 (2002); 22 Am.Jur.2d *Damages* § 436 (2003).

into a settlement agreement.

Hall argues, citing the American Rule, that, because no contract ever existed between himself and Whitelaw and there is no statute authorizing an award of attorney's fees in this instance, the trial court committed error when it allowed Whitelaw a recovery of his past legal expenses. We disagree. Though it is true that this state adheres to the American Rule and, absent a contract, statute, or ground in equity, there can be no award of attorney's fees, the American Rule finds no application to the unique circumstances of this case. The trial court below awarded Whitelaw his attorney's fees, not for the negligence action against Hall, but for the litigation expenses incurred for the action against Brooks and the other landowners holding land interests which encroached upon Whitelaw's realty. Tennessee courts have noted before that "[w]hen a cloud has been cast upon the title to property, the owner does not have the same options to correct the wrong." *Ezell v. Graves*, 807 S.W.2d 700, 703 (Tenn.Ct.App.1990). Were it not for Hall's negligence, which is not disputed on this appeal, Whitelaw would not have been required to bring that action to clear up his title in court. Therefore, the American Rule does not apply to the circumstances of this case and the trial court was correct when it awarded Whitelaw the expenses of the prior litigation to clear his title.

For support of his argument, Hall cites *Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn.1998), and *Gottschall v. Fenn*, No. CA–12, 1986 WL 655 (Tenn.Ct. App. January 7, 1986) In *Kohl*, the plaintiff had filed a legal malpractice action against a law firm for incorrect legal advice. In that action, the plaintiff sought recovery of attorney's fees incurred in bringing the malpractice action, which the Court refused to allow. In the present case, Whitelaw is not seeking recovery of his attorney's fees incurred in bringing the

negligence action against Hall, but for the expense of bringing an action against the encroaching property owners. In fact, in *Kohl*, the Tennessee Supreme Court noted that the plaintiff in that case sought recovery of legal fees spent to correct the attorneys' errors, which the Court stated were properly recoverable as damages. *Kohl*, 977 S.W.2d at 531–34. The "corrective fees" of *Kohl* are analogous to the damages awarded to Whitelaw.

In *Gottschall*, the facts are likewise distinguishable from the present case because *Gottschall* involved a trespass action between two landowners. One landowner constructed a house that encroached upon the plaintiff's land and the plaintiff sought attorney's fees incurred in bringing that trespass action. *Gottschall*, 1986 WL 655, at *1–2. Again, unlike *Gottschall*, the present case involves recovery of fees for a quiet title action brought because of Hall's tort. Whitelaw is seeking recovery of attorney's fees sustained in an action against third persons (Brooks and other encroaching landowners) and such action was the consequence of Hall's negligence.

For the foregoing reasons, we affirm the trial court's award of past litigation expenses against third persons incurred by Whitelaw as a result of Hall's negligence.

Next, Hall argues that the trial court erred when it awarded Whitelaw damages for the lost opportunity of selling the 9.51 acres in the original sale contract with Hooper as a result of the encroachment. Specifically, Hall first argues that the trial court should have awarded Whitelaw no damages given the fact that the encroachments no longer existed once the encroaching landowners quitclaimed the disputed portions to Whitelaw. Hall then argues that, even if an award of damages was appropriate, the trial court erred in calculating the award. Hall raises no oth-

er argument concerning the propriety of an award for loss of opportunity.

Before beginning our analysis, we note the absence of cases in Tennessee with a fact pattern such as the present case. In this case, it is undisputed that Whitelaw had a contract for the sale of 141.88 acres to Hooper for $150,000. It is also undisputed that, because of the encroachments which were subsequently discovered, Whitelaw and Hooper did not close on this sale. It was stipulated by the parties that Hall's survey resulted in the encroachment upon Whitelaw's land. In addition, it is undisputed that Whitelaw was subsequently able to sell 132.37 acres of this land for $140,000, mitigating his loss. As for the remaining 9.51 acres, there was testimony by Whitelaw that such land diminished in value by approximately $500 per acre, and this testimony was not refuted by Hall at trial. As stated above, a property owner is competent to testify as to the value of his own land. *Haynes,* 546 S.W.2d at 234. Despite Whitelaw's ability to clear title to the encroached upon land, Hall did not refute Whitelaw's testimony regarding the original land sale contract price of $150,000 and the second contract for $140,000. Given the facts of this case, Hall's first argument that Whitelaw suffered no damage of a lost opportunity because he cleared title to his land has no merit. Whitelaw's ability to clear the title to his land does not alter the fact that Hall's survey prevented Whitelaw from selling the remaining tract of land for $10,000, which is the difference between the two contract prices. The evidence does not preponderate against these findings of fact.

Next, because the encroached upon land totaled 4.7931 acres, Hall argues the trial court erred when it considered any damage to the remaining 4.7169 acres surrounding the encroached land that Whitelaw could not sell. This argument also has no merit. Hall's survey created the encroachment which prevented the sale of the 141.88 acres to Hooper for $150,000. Subsequently, Whitelaw mitigated his loss by selling as much of the land as he could. This resulted in a sale of 132.37 acres to Hooper for $140,000. The encroachment prevented the sale of the remaining 9.51 acres. Therefore, the trial court awarded Whitelaw $5,245, representing the difference between the price of the land under the contract ($10,000) for the 9.51 acres and the value of those acres ($4,755). This Court agrees with this determination. The evidence in the record does not preponderate against the findings of fact necessary to reach this determination of Whitelaw's loss and Hall cites to us no legal authority for overturning this award. Therefore, this Court cannot conclude the trial court erred in this award.

### Conclusion

For the above stated reasons, this Court affirms the decision of the trial court. Costs are judged against Appellant, David Hall, and his surety, for which execution may issue if necessary.