IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 22, 2015


**BILLY BUTLER, ET AL. v. MALVIN CARVIN PITTS, JR., ET AL. v.
MARILYN JAMES MORRIS, ET AL.**


**Appeal from the Chancery Court for Haywood County
No. 2014CH46     George R. Ellis, Chancellor**

_____

**No. W2015-01124-COA-R3-CV – Filed February 12, 2016**
_____


This is an easement case. Appellants, the servient land owners, appeal the trial court's grant of summary judgment in favor of the Appellees, the former owners of both the dominant and servient tracts of land. Based on the fact that the disputed easement was recorded prior to the sale to the Appellants, the trial court determined that there was no dispute as to any material fact and that Appellees were entitled to summary judgment as a matter of law. We affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed
in Part, Reversed in Part, and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

James S. Haywood, Jr., Brownsville, Tennessee, for the appellants, Malvin Carvin Pitts, Jr., Malvin Carvin Pitts, III, and Marcia Lee Pitts.

Joshua B. Shearon, Brownsville, Tennessee, for the appellees, Marilyn James Morris, Ewell E. James, and William B. James.


**OPINION**


I.      **Factual and Procedural History**

Marilyn James Morris, Ewell E. James, and William B. James, (together, "Appellees") owned several tracts of farmland in rural Haywood County. The plaintiffs in the underlying case are a group of hunters who leased a portion of Appellees' land for hunting purposes for several years. Finally, in 2004, the hunters purchased the land they had been leasing from Appellees. In addition to conveying the hunters forty-three acres, Appellees granted the hunters a thirty-foot easement for ingress and egress over an adjacent tract of land, which Appellees owned. This easement was duly recorded on March 1, 2004, in the office of the Haywood County Register of Deeds and states as follows:

> For good and valuable consideration, receipt of which, is hereby acknowledged, we, William James and Ewell James do hereby grant unto Billy Butler, Stephen Leath, Kenneth McBride and Cecil Clint Dixon a thirty (30) foot easement for ingress and egress to a 43-acre tract known in the property assessor's office of Haywood County, Tennessee as Map 20, Parcel 38 over and across presently existing roadway as shown in a yellow ink on the map attached hereto.

In 2013, approximately nine years after the easement was recorded, Malvin Carvin Pitts, Jr., Marcia Lee Pitts and Malvin Carvin Pitts, III, (together, "Appellants") purchased from Appellees the land that was subject to the hunters' easement. Prior to their purchase, the Appellants had leased and actively farmed the same land for a number of years. The Appellants hired a closing attorney to perform a title examination and draft the deed. Although, as noted above, the hunters' easement was recorded, Appellants' attorney did not reference the recorded easement in the warranty deed conveying the farmland to Appellants. Appellants' deed, recorded on January 29, 2014, contained the following language:

> We covenant with the said Malvin Carvin Pitts, Jr., Marcia Lee Pitts and Malvin Carvin Pitts, III, that we are lawfully seized and possessed of said real estate; that we have a good and lawful right to sell and convey the same; that the same is unencumbered; and that we will forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

Some months after their purchase, Appellants allegedly made substantive changes to the existing easement, which blocked the hunters' ingress and egress to their property. Consequently, on July 8, 2014, the hunters filed a complaint against the Appellants, alleging that the Appellants "intentionally removed the culvert at the end of the easement where it adjoined the county road, plowed up the road and planted soybeans on the roadway easement." The hunters further alleged that Appellants' actions had denied them use of the easement for ingress and egress to their land. The hunters asked the trial court to require the

Appellants to re-open the easement and to restore it to its original condition. Additionally, they asked for damages, both actual and punitive, attorneys' fees and court costs. In their answer, Appellants' admitted that the hunters were unable to access their land, but denied the existence of such easement across their property.

On September 10, 2014, Appellants filed a third-party complaint against the Appellees alleging that Appellees breached the warranty deed issued to them at the time of purchase. Appellants prayed to recover, from the Appellees, any loss of property and all sums, if any, that might be adjudged against them in the hunters' lawsuit. On January 29, 2015, Appellees filed an answer to the third party complaint, wherein they denied any breach of the warranty deed. The Appellees asserted that there was a valid easement properly recorded in Deed Book 263, Page 384, in the Register's Office of Haywood County, Tennessee, which contains not only express language, but also a geographical depiction of said easement. Appellants contended that the easement allegedly granted by Appellees to the hunters was ineffective because the description in the easement was too vague. Appellants further asserted that they had no actual knowledge of the easement. The trial court, relying on the recorded easement, found that there was no genuine issue as to any material fact and granted summary judgment in favor of Appellees. The trial court also awarded attorney's fees to Appellees in the amount of $4,680.00. The trial court's ruling on the motion for summary judgment on the third-party complaint is the subject of this appeal.

## II.  Issues

Appellants present the following issues on appeal as stated in their brief:

1. That the trial court erred in the granting of a summary judgment when it is obvious that the alleged easement, which is the subject of the lawsuit, is very possibly void for uncertainty.
2. That the trial court erred in granting summary judgment to the third party defendants.
3. That the trial court erred in granting attorney's fees to the appellees.

Additionally, Appellees argue that they should be granted attorney's fees on appeal.

## III.  Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. ***Bain v. Wells***, 936

S.W.2d 618, 622 (Tenn. 1997); *see also **Abshure v. Methodist Healthcare–Memphis Hosp.**,* 325 S.W.3d 98, 103 (Tenn. 2010); **Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.**, 395 S.W.3d 653, 671 (Tenn. 2013); and **Rye v. Women's Care Center of Memphis, MPLLC**, __ S.W.3d ___, 2015 WL 6457768 at *12 (Tenn. Oct 26, 2015). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. **Rye,** __ S.W.3d at ___, 2015 WL 6457768, at *12 (citing **Estate of Brown**, 402 S.W.3d 193, 198 (Tenn. 2013) and **Hughes v. New Life Dev. Corp**., 387 S.W.3d 453, 471 (Tenn. 2012)).

For actions initiated on or after July 1, 2011, the standard of review for summary judgment is governed by Tennessee Code Annotated Section 20-16-101. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1)  Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2)  Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101. However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." **Rye**, 2015 WL 6457768 at *22. Rule 56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. **Id**. If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. **Town of Crossville Hous. Auth.**, 465 S.W.3d at 578–79 (citing **Martin v. Norfolk S. Ry. Co**., 271 S.W.3d 76, 83 (Tenn.2008)). As our Supreme Court recently opined:

> [T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material

facts." ***Matsushita Elec. Indus. Co.***, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

***Rye***, 2015 WL 6457768 at *22 (emphasis in original). If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. ***Id***. Thus, even where the determinative issue is ordinarily a question of fact for the jury, summary judgment is still appropriate if the evidence is uncontroverted and the facts and inferences to be drawn therefrom make it clear that reasonable persons must agree on the proper outcome or draw only one conclusion. ***White v. Lawrence***, 975 S.W.2d 525, 529–30 (Tenn.1998).

## IV.    Analysis

### A.    Validity of Easement

An easement is an interest in another's real property that confers on the easement's holder an enforceable right to use that real property for a specific use. *See **Bradley v. McLeod**,* 984 S.W.2d 929, 934 (Tenn. Ct. App. 1998) (citing ***Brew v. Van Deman**,* 53 Tenn. (6 Heisk.) 433, 436 (1871)). In Tennessee, easements can be created in several ways: (1) express grant; (2) reservation; (3) implication; (4) prescription; (5) estoppel; and (6) eminent domain. ***Barrett v. Hill***, No. 01A01-9806-CV-00295, 1999 WL 802642, at *2 (Tenn. Ct. App. Oct. 7, 1999) (citing ***Pevear v. Hunt***, 924 S.W.2d 114, 115-116 (Tenn. Ct. App. 1996)). An easement involves two tracts of land, the dominant tenement, and the servient tenement. The dominant tenement generally benefits in some way from the use of the servient tenement. ***Cellco Partnership v. Shelby County***, 172 S.W.3d 574, 588 (Tenn. Ct. App 2005).

In the instant case, we have an easement created by express grant. "To create an easement by express grant, there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a license." ***Riegel v. Wilkerson***, No. W2013-01391-COA-R3CV, 2014 WL 546113, at *4 (Tenn. Ct. App. Feb. 11, 2014) (citing ***Smith v. Evans**,* 2008 WL 3983117, at *2 (Tenn. Ct. App. Aug. 27, 2008)); ***Adcock v. Witcher**,* 1995 WL 675852 at *2 (Tenn. Ct. App. Nov. 15, 1995)). "The scope of such an easement is set forth in express terms, either in the granting documents or as matter of incorporation and legal construction of terms of relevant documents ... [.]" ***Smith v. Evans**,* 2008 WL 3983117, at *2 (internal citations omitted).

In its order granting summary judgment, the trial court specifically found that the facts and legal arguments in the present case are analogous to those found in ***Riegel v. Wilkerson***,

No. W2013-01391-COA-R3-CV, 2014 WL 546113 (Tenn. Ct. App. Feb. 11, 2014). In the *Riegel* case, Mr. Riegel owned a tract of land that he purchased from Ms. LaPlace. The warranty deed from Ms. LaPlace to Mr. Riegel contained an express easement. Ms. Wilkerson purchased a small tract of land from Mr. and Mrs. Little, who previously purchased their land from Ms. LaPlace's late husband. *Id*. at *1. Although the Littles' land had an express easement when they purchased it, the deed from the Littles to Ms. Wilkerson did not specifically reference the easement. *Id*. Ms. Wilkerson later interfered with Mr. Riegel's ingress and egress to his property despite the express easement, arguing that because her deed did not reference the easement, she could not be held to abide by its terms. *Id*. In *Riegel*, this Court concluded that an express easement passed with the land to the subsequent purchaser and held in favor of Mr. Riegel. *Id*.

Although *Riegel* is factually distinguishable from the instant case, the principles of law outlined in *Riegel* are well-settled and are instructive here. Accordingly, the trial court's reliance on *Riegel* is not misplaced as argued by Appellants. As explained by this Court:

> A person who purchases land with knowledge or with actual, constructive, or implied notice that it is burdened with an easement in favor of other property ordinarily takes the estate subject to the easement. On the other hand, a bona fide purchaser of land without knowledge or actual or constructive notice of the existence of an easement in such land generally takes title free from the burden of the easement. This rule is broad enough to include all easements, whether created by implication, prescription, or express grant. However, one who purchases land burdened with an open, visible easement is ordinarily charged with notice that he or she is purchasing a servient estate.
>
> Under the general rule that a purchaser of land subject to the burden of an easement takes the estate subject to the easement if he or she has notice of its existence at the time of purchase, *the proper recordation of the instrument containing the grant of the easement is sufficient notice*.

*Riegel*, 2014 WL 546113, at *5-6 (citing 25 Am. Jur. 2d *Easements* § 93)(emphasis added). The premise that the "grantee of a servient tenement takes the property subject to all duly recorded prior easements whether such easements are mentioned in the grantee's deed or not" has been well established for over ninety years. *Id.*, 2014 WL 546113, at *6 (citing ***Goetz v. Knoxville, Power & Light***, 290 S.W. 409 (Tenn. 1926)).

The Appellants appear to argue that the Appellees had a responsibility to disclose the easement in the warranty deed transferring the property. In the sale of real property, a fact or condition is "material" if it controls the desirability and value of the property. *See **Patel v.***

***Bayliff,*** 121 S.W.3d 347, 353 (Tenn. Ct. App. 2003) (citing ***Simmons v. Evans,*** 185 Tenn. 282, 206 S.W.2d 295, 296 (Tenn.1947)). The defendant has a duty to disclose such a fact or condition "unless ordinary diligence would have revealed the undisclosed fact." ***Lonning v. Jim Walter Homes, Inc.,*** 725 S.W.2d 682, 685 (Tenn. Ct. App. 1986) (citing ***Simmons,*** 206 S.W.2d at 296). Thus, there is no duty to disclose a material fact or condition if it was apparent through observation or if it would have been discoverable through the exercise of ordinary diligence. ***Daniels v. Basch***, No. M2004-01844-COA-R3-CV, 2005 WL 2860177, at *3 (Tenn. Ct. App. Oct. 27, 2005)(citing ***Simmons,*** 206 S.W.2d at 296; and ***Patel,*** 121 S.W.3d at 353). In this case, Appellees granted the hunters an easement for ingress and egress, which was described, depicted, and recorded prior to the Appellants' purchase of their property. "All of the instruments registered . . . shall be notice to all the world from the time they are noted for registration, . . . and shall take effect from such time." Tenn. Code Ann. § 66-26-102. Accordingly, we conclude that there was no duty on the part of Appellees to disclose the recorded easement to Appellants.

Appellants next argue that the hunters' easement should be construed as an implied easement and cite several cases supporting the proposition that implied easements are generally disfavored in the law. *See* ***Barrett v. Hill***, 1999 WL 802642, (Tenn. Ct. App. Oct. 7, 1999); ***Cellco Partnership***, 172 S.W.3d at 589. An implied easement is quite different from an express easement. The required elements for an implied easement are (1) separation of title; (2) prior to the separation, long-established and obvious use, showing that the use was intended to be permanent; (3) a showing that the easement is essential to the beneficial enjoyment of the land granted or retained; and (4) continuous servitude, as distinguished from temporary or occasional. ***Ingram v. Wasson***, 379 S.W.3d 227, 234-35 (Tenn. Ct. App. 2011) (citing ***Cellco Partnership,*** 172 S.W.3d 574 (Tenn.Ct.App.2005)). An easement by implication arises upon the severance of a single piece of land into separately owned parts as an inference of the intention of the parties to the conveyance. The easement arises, if at all, by implication from the circumstances under which the conveyance was made. *See* Restatement of Property § 474 (1944); ***LaRue v. Greene County Bank,*** 179 Tenn. 394, 407, 166 S.W.2d 1044, 1049 (1942); ***Barrett v. Hill***, 1999 WL 802642 at *2. However, in this case, the Appellees granted an express easement to the hunters, which was properly recorded prior to the Appellants' purchase of their property. Therefore, Appellants' contention that the easement in question is an implied easement is without merit.

Appellants also argue that the easement is "void for uncertainty." Appellants contend that because the description is not a metes and bounds description, the easement is overly vague. They also contend that the description of the easement is "insufficient" because it is "indicated by a yellow line drawn on the tax map." The highlighted map is not the only designation of the easement. The recorded easement also contains the following description:

> [A] thirty (30) foot easement for ingress and egress to a 43-acre tract known in

- 7 -

the property assessor's office of Haywood County, Tennessee as Map 20, Parcel 38 over and across presently existing roadway. . . .

In support of their contention that the hunters' easement is void for uncertainty, the Appellants cite several cases from the Tennessee Supreme Court: ***Dobson v. Litton***, 45 Tenn. 616, 618-619 (1868); ***Johnson v. Kellogg***, 54 Tenn. 262, 266 (1872); and ***Wood v. Zeigler***, 42 S.W. 447 (Tenn. 1897). We find all of the cases cited by Appellants distinguishable from the case at bar. By way of example, in ***Dobson***, holding that a description of land was too vague, the Court noted that the description did not specify a particular tract of land and could apply to any tract in the vicinity containing the same number of acres, even if the grantor owned only one tract in the area. ***Dobson***, 45 Tenn. at 618-619. In the present case, the granting language in the easement specifies the map and parcel, and includes an attached map marking the easement. As such, ***Dobson*** is distinguishable from this case. In the case of ***Johnson v. Kellogg***, 54 Tenn. 262, 266 (1872), in finding the description insufficient, the Tennessee Supreme Court noted that there was no reference to any other document or other identifying information. In ***Wood v. Zeigler***, 42 S.W. 447 (Tenn. 1897), our Supreme Court held that "[a] memorandum of sale which describes the premises as 'The Baldwin Place,' but contains nothing whereby the state and county in which the land lies can be inferred, is insufficient." ***Id***. at 448. In this case, the granting language in the easement specifically references the county, map, and parcel of the dominant estate, and attaches a highlighted map as an additional description of the location of the easement. Therefore, Appellants' argument that the easement is void for uncertainty is also without merit.

Citing several cases, Appellants further argue in their Appellate briefs that Appellants breached the "covenant of seisin."

> A covenant of seisin is an assurance to the vendee that the vendor has the very estate, in quantity and quality, which his deed purports to convey. It is a personal covenant in presenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction.

***Pace v. Watson***, 126 S.W. 2d 404, 409 (Tenn. Ct. App. 1938)(citing ***Curtis v. Brannon***, 38 S.W. 1073 (Tenn. 1897))**.** Although Appellants argue that Appellees' failure to set out the easement in their conveyance to the Appellants constitutes a breach of the covenant of seisin, Appellants did not raise this argument before the trial court either in their pleadings or during the hearing. It is well settled that issues not raised at the trial level are considered waived on appeal. Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). *See **Waters v. Farr,*** 291 S.W.3d 873, 918 (Tenn. 2009); ***PNC Multifamily Capital Institutional Fund XXVI Ltd.***

***P'ship v. Mabry***, 402 S.W.3d 654, 660 (Tenn. Ct. App. 2012).  Accordingly, this argument is waived.

## B. Summary Judgment

Lastly, Appellants argue that the trial court erred in granting summary judgment. Specifically, Appellants argue that the Appellees did not submit any affirmative evidence that negates an essential element of the Appellants' claim, nor have the Appellees demonstrated that the Appellants' evidence is insufficient to establish an element of the claim.  Appellants further argue that summary judgment should not have been granted because there are "a lot of disputed facts in this case."  Although the trial court made repeated inquiries of Appellants to detail those disputed facts, Appellants merely repeated their argument that the easement is void for uncertainty, and that they lacked actual knowledge of the easement.

As previously discussed, the standard set out in ***Riegel*** is notice, not knowledge. Although Appellants describe themselves as "bona fide" purchasers, who "generally take[s] title free from the burden of the easement," ***Riegel***, 2014 WL 546113, at *5, a bona fide purchaser must be a buyer without knowledge or notice.  ***Id.***  In this case, we have an easement that was recorded approximately nine years prior to Appellants' purchase of their land.  Additionally, Appellees submitted affirmative evidence, by affidavit and recorded instruments that negated an essential element of Appellants' claim, namely, that they had no notice of the easement.  Appellants did not plead or argue anything to refute the existence of the recorded easement.  Furthermore, *none* of the cases cited by Appellants regarding "uncertainty" of an easement are applicable here.  The easement that was recorded in 2004 contained a general description of the easement, listing map and parcel numbers, as well as its purpose.  There was also a highlighted map attached to the easement, which was recorded in the office of the Haywood County Register of Deed.  To survive summary judgment, the Tennessee Supreme Court requires the Appellants to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." ***Rye***, 2015 WL 6457768 at *22.  In this case, the Appellants have not demonstrated the existence of such facts. We, therefore, affirm the trial court's grant of summary judgment in favor of Appellees.

## C. Attorney's Fees

In its September 24, 2015 amended order granting summary judgment, the trial court awarded attorney's fees to Appellees in the amount of $4,680.00.  Generally, Tennessee follows the "American Rule" that "in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation." ***State ex rel. Orr v. Thomas***, 585 S.W.2d 606, 607 (Tenn. 1979) (citing ***Deyerle v. Wright Mfg. Co.***, 496 F.2d 45 (6th Cir.1974); ***Carter v. Va. Sur. Co.***, 216 S.W.2d 324 (Tenn. 1948); ***Raskind v. Raskind***, 325 S.W.2d 617 (Tenn. Ct. App. 1959); ***Gillespie v.***

*Fed. Compress & Warehouse Co.*, 265 S.W.2d 21 (Tenn. Ct. App. 1953)).

Appellees argue that an exception to the American Rule applies to the facts existing here and cite *Whitelaw v. Brooks*, 138 S.W. 3d 890 (Tenn. Ct. App. 2003), in support of their position. In the case of *Whitelaw*, a landowner brought a negligence action against the surveyor, in which the landowner sought to recover damages in the form of attorney's fees from a previous quiet title action. We held that the American Rule did not preclude an award to landowner for attorney fees incurred in the previous action to quiet title. *Id*. In the *Whitelaw* case, the negligence of the surveyor was undisputed. Furthermore, we noted that "[w]hen a cloud has been cast upon the title to property, the owner does not have the same options to correct the wrong." *Id*. at 894 (citing *Ezell v. Graves,* 807 S.W.2d 700, 703 (Tenn.Ct.App.1990). In the appeal before us, the property owners with the express easement are not a party to this appeal. This fact distinguishes *Whitelaw* from the case at bar. We conclude that the facts presented do not create an exception to the American Rule.

Although the easement here was a matter of public record, the warranty deed issued by Appellees to the Appellants stated that the land was unencumbered. This was certainly not factually accurate, and in part contributed to this controversy. The better practice in this case would have been for the Appellees to have referenced the easement in the deed. In light of the specific facts presented here, we conclude that the trial court abused its discretion in awarding attorney's fees in favor of Appellees. Therefore, we reverse the award of attorney's fees.

### D.     Attorney's Fees on Appeal

Appellees argue that this Court should award them attorney's fees for having to defend this appeal. Specifically, Appellees argue that this appeal is frivolous and is solely a means to delay the restoration of the easement. Tennessee Code Annotated section 27-1-122 states that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Moran v. Wilensky*, 339 S.W. 3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W. 2d 412, 419 (Tenn. Ct. App. 1995)). Although we have affirmed the trial court's grant of summary judgment in this case, we reversed the trial court's ruling

regarding attorney's fees. From our overview of the entire record, we cannot conclude that the appeal was frivolous, or that the appeal was taken for any subversive purpose. Accordingly, we exercise our discretion and deny Appellees' request for attorney's fees.

## V.     Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Appellees. We reverse the trial court's award of attorney's fees to Appellees, and deny Appellees' request for attorney's fees and expenses on appeal. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Malvin Carvin Pitts, Jr., Malvin Carvin Pitts, III, Marcia Lee Pitts, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE